THOMPSON, J.
 

 This is a suit for separation from bed and board on the ground of abandonment.
 

 Pending the delay for service of the required summons on' the husband, the wife ruled her husband to show cause why he sho.uld not be ordered to pay her alimony. On a trial the rule was made absolute and the alimony fixed at $100 per month. From this order the defendant appeals, and the sole question presented is whether the amount allowed should be maintained or decreased.
 

 The defendant is superintendent of the L. B. & N. terminals in this city and receives a salary of $260 per month. He also receives $7 per month as royalties from some oil wells. He has no other income.
 

 It is undisputed that the defendant has been paying $50 per month for board and room rent of his wife, the payments being made directly to the lady whose home was assigned as the legal domicile of the plaintiff.
 

 He has also given his wife for her personal use on an average of $10 to $15 per month.
 

 The couple have a son who is a law student at Tulane, and his school expenses as well as room rent, board, and clothing are paid for by the defendant. In addition to his own room rent, board, and clothing, the duties of the defendant require him to keep an automobile, and this costs him anywhere from $15 to $35 per month.
 

 The defendant has also been keeping up a life insurance policy for $5,000 in which his wife is designated beneficiary, the premium on which amounts to some 20 odd dollars a month.
 

 It is perfectly apparent that the income of the defendant is not sufficient to meet the expenses enumerated and to pay the wife $100 per month.
 

 The counsel for the plaintiff does not question the privilege or the duty of the defendant to pay the school expenses of her son and to support him while he is going to school. Indeed, we imagine that the mother v, ould very readily forego all claim for alimony rather than see her son forced to abandon his efforts to obtain a legal profession, because the income of the father was not sufficient to pay for the schooling after paying the alimony allowed.
 

 Nor is there any contention or suggestion that the other expenses incurred and paid aS' already enumerated were not reasonable and necessary for the support of the defendant and his son.
 

 The defendant testifies, and his evidence is not disputed, that in order to maintain himself and his son and to make the pay-' ments to his wife, which she admits were made by him, he has had to borrow money and to go in debt.
 

 In these circumstances it is perfectly obvious that the amount allowed the plaintiff is excessive and out of all proportion to the income of the defendant.
 

 The judgment appealed from is therefore amended by reducing the amount to $75 per month, and as thus amended the said judgment is affirmed.