FOURNET, Justice.
 

 Ferdinand J. Fletcher instituted this suit against his wife, Emma P. Fletcher, to secure a divorce on the ground that they had been living separate and apart for more than two years. In her answer the defendant admitted the separation had occurred more than two years previous but, averring it was precipitated by the plaintiff’s neglect, abuse, and cruel treatment, she asked for alimony in an amount to be fixed by the court and for attorney fees of $150. There was judgment in the lower court granting the divorce but denying the wife’s claim to alimony. She is appealing from such judgment.
 

 The parties having lived separate and apart for more than two years, the plaintiff was entitled to a divorce, Act No. 269 of 1916, as amended by Act No. 430 of 1938; White v. Broussard, 206 La. 25, 18 So.2d 641, thus leaving for our consideration the question of whether the wife, by a preponderance of the evidence, established her right to alimony under Article 160 of the Revised Civil Code, as amended, wherein it is provided that where “the husband has obtained a divorce upon the ground of such living separate and apart, and
 
 the wife has not been at
 
 fault, then the court may allow the wife in its discretion, out of the property and earnings of her husband, alimony which shall not exceed one-third of his income.” (Italics ours.)
 

 This question was resolved against the wife by the trial judge and his findings in this respect will not be disturbed unless they are manifestly erroneous. Abbott v. Abbott, 199 La. 65, 5 So.2d 504; Jones v. Jones, 200 La. 911, 9 So.2d 227; Gerstner v. Stringer, 205 La. 791, 18 So.2d 195; Matheny v. Matheny, 205 La. 869, 18 So.2d 324. From our appreciation of the facts in this case as found in the very meager note of evidence that is in the record, it is our opinion that the trial judge’s conclusion in this respect is correct.
 

 Counsel for the appellant calls our attention to the fact that the trial judge in his judgment failed to allow the wife’s claim for attorney fees and he asks that we fix such fees in accordance with her demand.
 

 A reference to the record shows that the trial judge not only did not adjudicate upon this particular claim, but that the reason for his failure in this respect is not evident and it is not even clear that he gave the matter any consideration. In view of this fact and the condition in which we find the record, we do not feel justified in giving this matter the consideration requested, particularly since
 
 *489
 
 the defendant has failed to cite any authorities in support of her right to attorney fees in a case of this kind. Such right as she may have, if any, is reserved to her and her claim in this respect is, therefore, non-suited.
 

 For the reasons assigned, the judgment of the lower court is amended by non-suiting the defendant’s claim to attorney fees and as thus amended it is affirmed.