119 So.2d 474

Lionel F. VINOT

v.

Bessie Marie BORDELON, Wife of Lionel F. VINOT.

No. 44041.

March 21, 1960.

Rehearing Denied April 25, 1960.

Jesse S. Guillot, New Orleans, for appellant.

David C. Treen, New Orleans, for plaintiff-appellee.

HAWTHORNE, Justice.

The sole question presented by this appeal is the correctness of a decree of the lower court denying alimony.

Lionel F. Vinot instituted this suit for an absolute divorce from his wife, Mrs. Bessie Marie Bordelon Vinot, on the ground that they had been continuously living separate and apart for more than two years. This suit was brought under the provisions of R.S. 9:301. The wife answered alleging that she was free from fault in causing the separation and accordingly should be granted alimony under Article 160 of the Civil Code. The lower court awarded a divorce to the husband and denied the wife's claim for alimony. She has appealed.

The parties to this suit separated on November 7, 1955. In December the wife instituted suit for separation from bed and board on the ground of cruel treatment. In that proceeding she was awarded alimony pendente lite of $25 a week. A year later she amended her separation petition to allege that she was entitled to a separation from bed and board under the provisions of Article 138 of the Civil Code because she and her husband had been living separate and apart for one year. In January, 1957, Mrs. Vinot was granted a separation from bed and board and alimony of $25 a week. In November, 1957, the husband instituted the present suit for an absolute divorce.

■ Under the provisions of Article 160 of our Civil Code the wife in a case such as this is entitled to alimony if she has not been at fault. In construing this article this court has consistently held that the wife carries the burden of establishing that she was without fault. Vicknair v. Johnson (Vicknair), 237 La. 1032, 112 So.2d 702, and authorities there cited. In the instant case it is conceded that it was the wife who left the matrimonial domicile, and therefore she cannot be said to have been free from fault unless she can establish that her husband's treatment of her rendered it unbearable for her to live with him. Richards v. Garth, 223 La. 117, 65 So.2d 109. Where the husband's fault provokes the wife into terminating the marital relationship, she is considered to be herself free from fault within the meaning of Article 160 for the purposes of awarding alimony. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707.

The question before us, then, is one of fact: Has the wife sustained the burden of proving that she was without fault?

The wife testified that she left the matrimonial domicile because life with her husband was unbearable; that he gave her no money and refused to let her leave the

house without him or have friends come to see her; that he neglected her and went out with other women and constantly bragged to her about his amorous escapades; that she was ill, that he had been unsympathetic during these periods of illness, and that such treatment had so undermined her health that she had already had one nervous breakdown and was on the verge of another when she left the matrimonial domicile; that he threatened to do her serious bodily harm.

The husband, on the other hand, denied these charges. He denied ever saying anything that might excite his wife, whom he knew to be nervous. He testified that he never became involved with any other woman; that he worked nights and weekends to provide funds to make a better life for both of them; that he never bragged to her about other women; that when she was sick, he took care of her, cooked for her, washed, scrubbed, etc. He specifically denied ever teasing his wife or threatening to kill her. He even said he discussed with his wife's lawyer a reconciliation after the separation suit was filed, and that after she left the matrimonial domicile, he remained there for 60 days begging her to return.

■ Accordingly it will be seen that the husband's and the wife's testimony is in hopeless conflict, and although other witnesses testified, they gave no testimony which could resolve this conflict. As the issue is one of fact, this court will not disturb the finding of the trial judge on the question of fault unless that finding is shown by the record to be manifestly erroneous. Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43; Kendrick v. Kendrick, supra.

■ In the instant case the district judge evidently was of the view that the wife had failed to prove that she was without fault and her husband's conduct forced her to leave the matrimonial domicile. We cannot say that he erred in such finding.

For the reasons assigned the judgment appealed from is affirmed, appellant to pay all costs.