CULPEPPER, Judge.
In this suit for absolute divorce on the grounds that the spouses have continuously lived separate and apart for more than two years, the defendant wife admits the separation but denies that it was caused by her fault and she therefore prays for alimony pendente lite and for permanent alimony in the sum of $150 per month. The lower court found that the wife was without fault and awarded alimony pendente lite in the sum of $25 per month, said amount to be continued as permanent alimony after final judgment of divorce. From this judgment only the plaintiff, husband, has appealed.
The facts show that plaintiff and defendant were married in 1929 and established their matrimonial domicile in the Parish of Lafayette. In June of 1955, plaintiff and defendant separated and in June of 1957, plaintiff filed a previous proceeding for divorce in which defendant filed a re-conventional demand and obtained a judgment for alimony pendente lite. A note of evidence taken in the previous pro *788 ceeding on January 1, 1958, and filed in evidence in the present case, shows that the plaintiff was found in contempt of court and sentenced to serve ten days in jail for failure to pay the alimony pendente lite awarded. After his release from jail plaintiff sought a reconciliation with defendant who was then living with her married daughter. Defendant agreed to the reconciliation and they lived together for three days ¡beginning about February 17, 1958 in the daughter’s house in the city of Lafayette. Then plaintiff and defendant moved to a furnished apartment on, Louis Street where they stayed for two weeks. Defendant testified that one morning plaintiff came in and stated that he had rented a house on Vermillion Bayou and asked her to move again. She testified that she went with plaintiff to see the house and found that the only furniture therein consisted of a roll-a-way bed in each of the two bedrooms, a heater in each room, a table and four chairs and an old stove. She particularly noted that there was no icebox and so she told the plaintiff that she was going back to the furnished apartment on Louis Street where the rent was paid for two more weeks until they could acquire some more furniture for the house. While still at the house she gave him a list of groceries to buy and plaintiff testified that when he returned from purchasing the groceries his wife had locked up the house and left with the key. It is his testimony that he put a new lock on the outside door and that he also put a “Yale lock” on the door between the two bedrooms. Plaintiff’s explanation for placing a lock on the door of his bedroom is that he had all of his clothes and personal belongings there. Defendant’s explanation is that when they first went to the house plaintiff told her that one bedroom was his and the other was hers and that he wanted it understood that he could come and go as he pleased.
Defendant testified that the day after their first visit to the house she went back with her sister-in-law (sister of the plaintiff) and on arrival at the house the plaintiff ordered his sister off the premises and stated that he was not going to allow any members of the family of plaintiff or defendant to visit there. Plaintiff admits ordering his sister off the premises, but denies saying that no other members of the family would be allowed to visit. Plaintiff admits that he had not yet acquired an icebox for the house and actually the record does not reveal that he ever acquired one. Plaintiff also admits that he did not give the defendant a key to the house or to the bedroom until approximately two' weeks after he had moved to the house he sent defendant a key by a deputy sheriff.
The above is the essence of the pertinent facts, regarding the issue of fault. The record discloses other contradictory testimony which we do not deem it necessary to set forth here in detail. It is the contention of the plaintiff that defendant has failed in her marital obligation to live with her husband and to follow him wherever he chooses to reside. LSA-C.C. art. 120. It is the contention of the defendant that by reason of the excesses, outrages, and cruel treatment of plaintiff toward her their living together was rendered insupportable within the meaning of LSA-C.C. art. 138 and she therefore had a right to put an end to the matrimonial relation and was not obligated under Article 120 of the LSA-Civil Code to live with her husband.
The applicable law has been concisely set forth by our Supreme Court in the recent case of Vinot v. Vinot, 239 La. 587, 119 So.2d 474 in which the court held as follows:
“Under the provisions of Article 160 of our Civil Code the wife in a case such as this is entitled to alimony if she has not been at fault. In construing this article this court has consistently held that the wife carries the burden of establishing that she was without fault. Vicknair v. Johnson *789 (Vicknair), 237 La. 1032, 112 So.2d 702, and authorities there died. In the instant case it is conceded that it was the wife who left the matrimonial domicile, and therefore she cannot be said to have been free from fault unless she can establish that her husband’s treatment of her rendered it unbearable for her to live with him. Richards v. Garth, 223 La. 117, 65 So.2d 109. Where the husband’s fault provokes the wife into terminating the marital relationship, she is considered to be herself free from fault within the meaning of Article 160 for the purposes of awarding alimony. Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707.”
In the case of Bush v. Bush, 232 La. 737, 95 So.2d 298, 299, the court held as follows with reference to the general rule that a wife must follow her husband wherever he chooses to reside:
“With further reference to such general rule and the exception thereto the following observations of this court are pertinent: ‘The marital obligation imposed by Article 120 of the Civil Code, that the wife is bound to live with her husband and to follow him wherever he chooses to reside, must be construed with reference to the obligations of the husband, and with reference to the right of the wife to put an end to the matrimonial relation for any one of the causes specified in Article 138 of the Code.’ Cuny v. Cuny, 146 La. 711, 83 So. 906, 907. (See also Champon v. Champon, 40 La.Ann. 28, 3 So. 397.)”
Also applicable here is the following from Kendrick v. Kendrick, 236 La. 34, 106 So.2d 707, 708:
“Where the husband’s fault provokes the wife into terminating the marital relationship, she is considered to be herself free from fault within the meaning of LSA Civil Code, Article 160 for purposes of awarding alimony. Scott v. Scott, 221 La. 249, 59 So.2d 179; Creel v. Creel, 218 La. 382, 49 So.2d 617; Felger v. Doty, 217 La. 365, 46 So.2d 300.”
The testimony of plaintiff and defendant is in conflict in many respects but in our opinion there is ample evidence in the record to support the following finding of fact by the trial judge:
“The court will not discuss this evidence in detail, but finds after considering the whole case, that the attitude of plaintiff toward his wife after effecting the reconciliation with her was most extraordinary, and the circumstances under which he moved from the apartment where they were living to the house which was not properly furnished, were not conducive to marital bliss, and, in fact were calculated to bring about an estrangement, which he seems at that time to have actively desired, and which he did get. The defendant wife was not at fault in this separation and is entitled to alimony according to the means of her husband, during the pendency of this suit and based upon her necessity therefor as a permanent matter.”
We find here ' particularly applicable the well-settled rule that the finding of fact by the trial judge on the question of fault will not be disturbed unless manifestly erroneous. See Vinot v. Vinot, supra, Fletcher v. Fletcher, 212 La. 971, 34 So.2d 43 and Kendrick v. Kendrick, supra.
Having found that defendant was without fault we next address ourselves to the issue of the wife’s necessitous circumstances. The record shows that defendant owns no property and that her only income is from occasional employment as a “baby sitter” in a hospital. The amount of these earnings were not def *790 initely established but they apparently are very meager as she testified that during the month preceding the date of the trial she had earned only eight dollars and the month before that she had not worked at all. Defendant testified that she is not able to buy food and clothing for herself. The record reflects that for many years defendant has lived with her daughter, a school teacher who has provided defendant with food, clothing and shelter.
It is the contention of the plaintiff that defendant is not in necessitous circumstances because she is receiving free room, board and 'all the necessities of life from her daughter. In the recent case of Harris v. Harris, La.App. 3 Cir., 127 So.2d 747, we had occasion to consider a similar contention where after her divorce, the wife’s father supplied her with necessities and we held that this circumstance does not excuse the husband from his duty to support his wife, although it may be available as one of the intertwined circumstances used in the complex task of measuring, as against the husband’s ability to pay, the wife’s basic needs for maintenance. See Matheny v. Matheny, 205 La. 869, 18 So.2d 324; Russo v. Russo, 208 La. 17, 22 So.2d 671; Butterworth v. Butterworth, 203 La. 465, 14 So.2d 59. However, see also Franks v. Franks, 236 La. 222, 107 So.2d 415 where the court refused to reduce the wife’s alimony because she was living with her son and caring for his children, and Lester v. Lester, 160 La. 708, 107 So. 499 in which the court refused to consider the fact that the wife was receiving financial assistance from her major children.
 In the instant case the plaintiff’s income is shown, to be $289 after all with-holdings. Under the circumstances of this case we have no difficulty in finding the trial court alimony award of $25 per month was not excessive. Defendant not having filed an answer to the appeal, the question of whether the award was inadequate is not before us.
For the reasons hereinabove set forth the judgment appealed from is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.