320 So.2d 279 (1975)
Louis J. BROUSSARD
v.
Armide Barras, wife of Louis J. BROUSSARD.
No. 6968.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1975.
William J. Lopez, Marrero, for plaintiff-defendant in reconvention-appellant.
Donald P. Conlay, New Orleans, for defendant-plaintiff in reconvention-appellee.
Before REDMANN, BOUTALL and MORIAL, JJ.
MORIAL, Judge.
This is a suit contesting a district court's award of alimony after divorce.
On November 23, 1973 plaintiff sued defendant for a divorce under LSA-R.S. *280 9:301. Defendant filed an answer and reconventional demand denying she had voluntarily lived separate and apart and alleging various acts of cruelty on the part of plaintiff. She also prayed for an award of permanent alimony based upon the plaintiff being at fault in causing the separation. Plaintiff answered the reconventional demand denying the allegations of fault on his part and alleging fault on defendant's part. He claimed that living with her was extremely difficult and burdensome and that she had abandoned him and publicly defamed him. He further pleaded in the alternative that LSA-R.C.C. Art. 160 was unconstitutional under the Louisiana and United States constitutions.
The district court rendered a judgment of divorce and awarded alimony to defendant, plaintiff in reconvention, in the sum of $137.00 to be paid every two weeks. Plaintiff has appealed from this portion of the judgment.
This court has recently upheld the constitutional validity of LSA-R.C.C. Art. 160 in Whitt v. Vauthier, 316 So.2d 202 (La. App. 4 Cir. 1975). Accordingly, this opinion will be directed solely to the issue of whether the district court's finding that defendant is entitled to alimony under LSA-R.C.C. Art. 160 is correct.
The right of a wife to obtain alimony after divorce is governed by LSA-R.C.C. Art. 160, which provides in pertinent part:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
* * * * * *
"2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; * * *"
In an action for permanent alimony (LSA-R.C.C. 160, subd. 2), the wife bears the burden of proving that she has not been at fault. Adler v. Adler, 239 So.2d 494 (La.App. 4 Cir. 1970). It has been stated repeatedly that:
"* * * `fault,' as employed in LSA-C.C. Art. 160, does not mean merely the wife's engaging in quarrels more or less of a trivial nature, but contemplates conduct or substantial acts of commission or omission on the part of the wife, violative of her marital duties and responsibilities, which constitute a contributing or a proximate cause of the separation and continuous living apart. * * *" Chapman v. Chapman, 130 So.2d 811, 814 (La.App. 3 Cir. 1961).
In the instant case, defendant admitted that she left the matrimonial domicile on August 24, 1971 after an alleged fight with plaintiff. A wife who has left the matrimonial domicile cannot be said to be free from fault unless she can show that her husband's treatment provoked her into terminating the marital relationship. Whitt v. Vauthier, 295 So.2d 235 (La.App. 4 Cir. 1974); Vinot v. Vinot, 239 La. 587, 119 So.2d 474 (1960).
Defendant testified she left the matrimonial domicile after being beaten by her husband at around 4:00 A.M. on the morning of August 24, 1971. She thereafter notified the police of the incident and had her husband arrested, but never appeared at the scheduled trial. She also stated that her husband often called her derogatory names and had beaten her on numerous previous occasions, on one of which he struck her with a lamp.
Plaintiff denied these allegations. He stated that he did not strike his wife on *281 August 24, 1971, or on any other date. This is partially substantiated by defendant's cross-examination testimony during which she read as follows from her entries in a memoranda book she maintained:
"Hit head on lamp. Tell hit head again end jolt and hurt shoulder and neck and shoulder, back stiff and bruses on arm, leg and scratches on arm, leg two places and scratches on armOh, well, that as a result of him hitting my head with that lamp."
He also explained her actions in calling the police as being in retaliation to his prior statement that if she did not turn over some money to him in order to allow him to buy a used car he was going to call the district attorney. He further stated that his wife kept the house and her person in constant disarray and that she never had meals prepared for him on time.
Three other witnesses testified at the trial. The two adult sons of plaintiff and defendant testified that in their opinion the defendant was an adequate housekeeper although they noted that the plaintiff often complained; that their parents did not get along well; and when they saw their mother after the August 24 incident she was very bruised and quite shaken. When the older son confronted his father with his mother's condition he testified his father stated, "* * * he just couldn't get along with her. * * * I [father] only knew how bad it was * * *." The remaining witness, a longtime friend and co-worker of plaintiff, testified that during the 30 years in which he visited the Broussard's that the house was never in anything but a mess.
It is clear that the testimony of plaintiff and defendant is in hopeless conflict. The trial judge observed all the witnesses. He apparently resolved the conflicting testimony in favor of the defendant and concluded that she was free from fault and entitled to alimony under LSA-R.C.C. Art. 160. After a careful review of the record we cannot say that this conclusion is manifestly erroneous. Accordingly, the judgment of the district court is affirmed.
Affirmed.