327 So.2d 639 (1976)
Henry J. HERMES
v.
Marzella Verniel Deacon, wife of Henry H. HERMES.
No. 7212.
Court of Appeal of Louisiana, Fourth Circuit.
February 24, 1976.
*640 Philip R. Riegel, Jr., and Sydney J. Parlongue, New Orleans, for plaintiff-appellee.
Reed, Reed & D'Antonio, Floyd J. Reed, and Bruce G. Reed, New Orleans, for defendant-appellant.
Before SAMUEL, STOULIG and BOUTALL, JJ.
SAMUEL, Judge.
This is an appeal from a judgment denying a claim for alimony. The issue before this court is whether the wife, against whom a judgment of divorce has been rendered on the grounds of adultery, may claim permanent alimony under the provisions of LSA-C.C. Art. 160.
The appeal is a sequel to prior litigation between the same parties. Mr. Hermes sued his wife for a divorce based on alleged acts of adultery which occurred after they had voluntarily separated and while they were living separate and apart. The trial court granted a divorce in favor of the husband which we affirmed on appeal.[1] The Supreme Court granted writs[2] and subsequently affirmed the judgment of this court.[3]
Following the finality of the Supreme Court judgment, the wife filed a rule for permanent alimony. The husband filed an exception of no cause or right of action to the rule. The exception was based on the fact that the divorce on the ground of adultery barred the wife from permanent alimony thereafter. Following a hearing of the rule, the trial court denied the wife's alimony claim. She has appealed.
The controlling law is Civil Code Article 160, which provides:
"When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries." LSA-C.C. Art. 160.
Appellant contends adultery occurring subsequent to the voluntary separation is not determinative of fault prior to the separation as contemplated by Civil Code Article 160 and therefore she is entitled to the permanent alimony she claims. She relies on the cases of Fulmer v. Fulmer, La., 301 So.2d 622 (S.Ct.), Vinot v. Vinot, 239 La. 587, 119 So.2d 474, Vicknair v. Vicknair, 237 La. 1032, 112 So.2d 702, Felger v. Doty, 217 La. 365, 46 So.2d 300, and Smith v. Smith, La.App., 216 So.2d 391.
We find appellant's cited cases do not support her contention. With the exception of Smith, those cases are based on the *641 second of the three circumstances set forth in Article 160, a circumstance not present in this case.[4]Smith also is clearly distinguishable. In that case the wife was awarded a divorce based upon the husband's adultery and, relative to her claim for permanent alimony, the case was remanded to the trial court to determine whether or not she was free from fault, a requirement of the first sentence of Article 160.
Civil Code Article 160 is our only law permitting a wife to obtain alimony after divorce. If the divorced wife does not come within the provisions of that article, she cannot obtain alimony. Here the appellant does not come within those provisions. The second and third circumstances set out in the article, which are simply exceptions to the first circumstance, are inapplicable. This is not a divorce obtained by the husband in a court of another state or country, the third circumstance. Nor is this a divorce obtained by the husband on the ground of continuous living separate and apart, or on the ground of no reconciliation following a judgment of separation from bed and board, the second circumstance.
Most important, this is not a divorce obtained by the wife, as required by the first circumstance. To the contrary, it is a divorce obtained by the husband on the ground of adultery in a court of this state. Thus, the wife in the instant case cannot obtain alimony after divorce for two related reasons: (1) she has not obtained the divorce as required by the first circumstance of Article 160; and (2) because her adultery was the ground for, and of course the direct cause, of the divorce, she has been "at fault" contrary to the opening clause of Article 160 which restricts the right to alimony after divorce to a wife who "has not been at fault".[5] It would be strange indeed if the law rewarded an adulterous wife with the right to obtain permanent alimony.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] Hermes v. Hermes, La.App., 275 So.2d 416.
[2] Hermes v. Hermes, La., 277 So.2d 441.
[3] Hermes v. Hermes, La., 287 So.2d 789.
[4] Fulmer involved a divorce obtained by the husband on the ground of no reconciliation after a judgment of separation from bed and board, which judgment of separation had been obtained by the wife on the ground of abandonment; Vinot, Vicknair and Felger involved divorces obtained by the husband on the ground of continous living separate and apart.
[5] See Smith v. Smith, supra, and cases cited therein.