PRICE, Judge.
This appeal arises out of a summary proceeding brought by Roberta Allen Bell, former wife of John Wesley Bell, for alimony after she was awarded a final divorce on grounds of adultery. The issue presented is whether the rejection of the wife’s demands in a prior separation suit between the parties has the effect of casting her with fault which precludes her right to post-divorce alimony.
The pertinent background of the litigation between the parties is as follows: in March of 1977 plaintiff filed a suit against her husband for separation on grounds of physical and mental cruel treatment. Defendant filed an answer which contained a general denial, an exception of no cause of action, and a plea of reconciliation. After a trial on the merits, the district court, without giving written reasons or recording oral reasons into the minutes of the court, rendered judgment on May 10, 1977, rejecting *779 plaintiff’s demands with prejudice. The parties continued to live apart, and thereafter, on March 2, 1978, plaintiff filed an action against defendant for a divorce on grounds of adultery and procured a default judgment on May 24, 1978. This rule for alimony was filed on July 28, 1978. Defendant filed an answer to the rule in which he plead estoppel and res judicata based on the contention that the judgment rejecting plaintiff’s demands in the prior separation suit filed by her had the effect of decreeing her to be at fault.
The trial court on the basis of the record and pleadings before it converted the several defenses asserted in defendant’s answer into the exception of no cause of action and dismissed plaintiff’s demands.
The specifications of error assigned by plaintiff on this appeal are:
1) That the trial court erred in finding as a matter of law and fact that the rejection of the wife’s suit for a separation was equivalent to a finding that she was not free from fault as required by Art. 160 of the Louisiana Civil Code; and
2) That the trial court erred in not finding as a matter of law that when the wife obtained a judgment of divorce on grounds of adultery, that the judgment constituted a determination of fault in favor of the wife which was conclusive for purposes of alimony after divorce.
There is no longer any question that the post-separation adultery on the part of defendant does not relieve plaintiff of establishing she was free of pre-separation fault in view of the decision of the Louisiana Supreme Court in Bruner v. Bruner, 364 So.2d 1015 (La.1978). Therefore if the prior separation judgment has the effect contended by defendant, plaintiff no longer has any right to alimony under La.C.C. Art. 160. Defendant’s position is postulated primarily on the theory that the plaintiff’s failure to prove the allegations of cruel treatment by defendant in her separation suit places plaintiff at fault in causing the separation in that she abandoned the matrimonial domicile without lawful cause.
Estoppel against plaintiff because of the judgment rendered in the prior proceeding should not be effective unless it is clearly shown that her fault was at issue and was resolved in that proceeding. There was no reconventional demand by defendant for a separation or any allegations made by him in his answer charging plaintiff with fault in leaving the domicile or causing the separation. His answer simply denied the several incidents of physical and mental cruelty alleged against him. The rejection of plaintiff’s demands could have been for several reasons which would not necessarily require a finding of fault on her part.
The cases relied on by defendant, Vinot v. Vinot, 239 La. 587, 119 So.2d 474 (1960) and Broussard v. Broussard, 320 So.2d 279 (La. App. 4th Cir. 1975), do hold that a wife who leaves the matrimonial domicile is not free of fault unless she can show her husband’s treatment provoked her to leave. However, this rule has been further refined by Sykes v. Sykes, 321 So.2d 805 (La.App. 4th Cir. 1975) which held that the failure of a spouse who leaves the matrimonial domicile to prove his demand for separation on grounds of cruel treatment did not of itself establish him guilty of abandonment. See also Chamblee v. Chamblee, 340 So.2d 378 (La.App. 4th Cir. 1976), and the concurring opinion of Judge Beer in Clary v. Clary, 341 So.2d 628, 629 (La.App. 4th Cir. 1977). Sykes, supra, discusses lawful cause and abandonment as follows:
Mrs. Sykes, nevertheless, contends her husband must be adjudged guilty of abandonment since he failed in his demand for separation based on cruel treatment. We disagree.
“Lawful cause” necessary to justify a spouse’s leaving the matrimonial domicile is not the equivalent of lawful grounds for a separation from bed and board under C.C. art. 138. When spouses are incompatible and come to this realization after sufficient reflection and reasonable attempts to resolve their differences, the law does not require them to continue living together until one or the other finally gathers sufficient evidence to prove one of the grounds listed in C.C. *780 art. 138. If neither spouse has grounds for legal separation, they can agree to live separately until the passage of time required for obtaining a separation on the grounds of living apart, and the party leaving the matrimonial domicile is not automatically guilty of abandoning the spouse who remains.
In the instant case we do not find that the question of whether plaintiff had lawful cause to leave the matrimonial domicile or was otherwise guilty of fault which would be sufficient to preclude her right to permanent alimony has been judicially determined merely because her demands were rejected in the separation proceeding instituted by her.
Neither do we find that the subsequent rendition of the divorce against defendant on grounds of adultery has relieved plaintiff of her burden of establishing her freedom of fault at the time of the initial separation of the parties under La.C.C. Art. 160. See Smith v. Smith, 216 So.2d 391 (La.App. 3d Cir. 1968). Plaintiff did not request alimony in her suit against defendant for final divorce. Therefore, the expressions of the Louisiana Supreme Court in Fulmer v. Fulmer, 301 So.2d 622 (La.1974) and Thomason v. Thomason, 355 So.2d 908 (La.1978) that fault determined in a proceeding for divorce is conclusive for purposes of permanent alimony following divorce is not applicable to the circumstances presented here. Smith, supra, was discussed with approval in Bruner, supra, which was a later decision than Fulmer, supra, and Thomason, supra. We are therefore of the opinion the rule of Smith, supra, is viable and is applicable in this situation.
For the foregoing reasons the judgment sustaining the exception of no cause of action and dismissing plaintiff’s demand for alimony is reversed, and the case is remanded for further proceedings not inconsistent with the views expressed herein and in accordance with law.
Costs of this appeal are assessed to appel-lee.
MARVIN, J., concurs with written reasons.