BOWES, Judge.
The Fortieth Judicial District Court, Honorable Thomas Malik presiding, granted a divorce in favor of Cindy Jeansonne, plaintiff/appellee, against her husband, Anthony Jeansonne, defendant/appellant, on the grounds of adultery. There is no dispute *974 concerning this portion of the judgment, nor was it appealed.
However, appellant Anthony Jeansonne appeals that portion of the judgment awarding permanent alimony to his former wife in the amount of $500.00 per month. We affirm.
Mr. and Mrs. Jeansonne were married in 1982. No children were born of the marriage. In November, 1987, Mrs. Jeansonne filed for separation from bed and board citing mental cruelty as her grounds for the action. The judgment of separation was granted in favor of Mrs. Jeansonne, decreeing her to be without fault in the matter, on June 2, 1988. That judgment also awarded Mrs. Jeansonne the sum of $500.00 per month as alimony pendente lite.
In September, 1988, Mrs. Jeansonne filed a petition for divorce based on adultery. The adulterous incident referred to was apparently one of some local notoriety, Mrs. Jeansonne having testified that the matter was reported in the newspapers to her great distress. In that action, Mrs. Jeansonne also requested $500.00 per month in permanent alimony. After trial on the merits, the court granted the divorce in favor of Mrs. Jeansonne, and awarded alimony as prayed in the amount of $500.00.
On appeal[1], appellant urges that appel-lee failed to prove that she was without sufficient means for support, and also that the trial court erred in considering “anticipated expenses not actually incurred.” We reject both contentions.
At trial, Mrs. Jeansonne testified that she is a hairdresser employed at a salon named “Hair Dressers Limited” for the past ten years. She had been employed four days per week and, in 1985, earned a gross amount of $9,854.26; in 1986, she earned $9,597.00; in 1987, her income dropped to $4,033.00. She cited the failing economy — “business has been really bad” —as the reason for the decline in her 1987 income. In 1988, her income dropped even further to $2,733.39 or an average of $227.78 per month. She testified further that the continuing decline in her income was due to her emotional problems related to the divorce and “due to the publicity, my husband being in the paper, I’ve lost a lot of customers.” She stated that she tries to go to work because she needs her job.
Her employer testified in the same vein: “She’s not capable of working now. She has put a strain on us, the customers and herself.” Mrs. Jeansonne’s mother, Janie Guillot, also stated that appellee had many emotional problems coping with her marital situation, so much so that Mrs. Guillot advised her daughter to seek professional counseling.
Mrs. Jeansonne lives with her parents, who provide room and board. While a complete list of her income and expenses was not introduced into evidence, appellee did testify as to a number of items.
Mrs. Jeansonne testified that a figure of $400 for rent was an anticipated expense, since she does not have the money to actually rent an apartment on her present income. She arrived at that figure by inquiring at various places in the area such as the “Landmark Land.” Other expenses at trial were:
Utilities: $200.00
Telephone: 50.00
Food: 200.00
Household supplies: 60.00
Clothing: 100.00
Medical Insurance: 100.00
Therapy: 200.00
Entertainment: 100.00
Health Club: 28.00
Other: 50.00
Expenses of “rental furniture” and “newspapers, magazines” were discussed, but figures were not given. The above items total $1,088.00. Of these, utilities, telephone, insurance and therapy were also anticipated expenses which appellee was not incurring at the time of trial. It is not clear from the testimony if the remaining listed expenses other than food costs are actually incurred by Mrs. Jeansonne.
*975 LSA-C.C. Art. 160 is the applicable codal authority for permanent alimony and reads as follows (in pertinent part):
Art. 160. Alimony after divorce; permanent periodic; lump sum
A. (1) When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse.
(2) In determining the entitlement and amount of alimony after divorce, the court shall consider:
(a) The income, means, and assets of the spouses;
(b) The liquidity of such assets;
(c) The financial obligations of the spouses, including their earning capacity;
(d) The effect of custody of children of the marriage upon the spouse’s earning capacity;
(e) The time necessary for the recipient to acquire appropriate education, training, or employment;
(f) The health and age of the parties and their obligations to support or care for dependent children; and
(g) Any other circumstances that the court deems relevant.
(3) In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
(4) Permanent periodic alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries or enters into open concubinage.
In interpreting the degree of support to which a spouse is entitled following divorce, our courts have stated:
Maintenance includes the basic necessities of life, such as food, clothing and shelter. It also includes necessary transportation, automobile expenses, medical and drug expenses, utilities, household expenses and income tax liability resulting from payment. Frederic v. Frederic, 302 So.2d 903 (La.1974); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Vial v. Vial, 422 So.2d 523 (La.App. 5th Cir.1982); Hamiter v. Hamiter, 419 So.2d 517 (La.App. 2d Cir.1982); Oddo v. Oddo, 416 So.2d 241 (La.App. 1st Cir.1982); Kean v. Kean, 388 So.2d 398 (La. App. 1st Cir.1980); Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir. 1980).
Jordan v. Jordan, 432 So.2d 314 (La. App. 5 Cir.1983)
Therefore, of the items testified to by ap-pellee (there is no complete list), only the categories of “entertainment”, “health club”, and possibly “other”, are not permitted expenses. Including the $400 rent figure, the allowable needs of Mrs. Jeansonne total $1,310.00.
Appellant avers that because Mrs. Jean-sonne currently resides with her parents, the anticipated expenses are not to be considered in determining an alimony award. As this court stated in Jordan, supra:
The former wife should not be required to impose on her mother for her support, nor should the mother have to shoulder that burden. This view was enunciated in the case of Custard v. Custard, 424 So.2d 474 (La.App. 5th Cir. 1982). While that case referred to child support, we find the reasoning therein equally applicable here, where the person receiving the support is the spouse. The parent is not required and should not be expected to assume the obligation which rightfully belongs to the former husband. It is noted that the husband was found at fault in prior proceedings on the ground of abandonment.
The law is well settled that one party’s legal obligation to pay alimony is not obviated by the gratuity of another. Gray v. Gray, 451 So.2d 579 (La.App. 2 Cir.1984); Shelton v. Shelton, 395 So.2d 899 (La.App. 2 Cir.1981). As the court in Shelton stated:
*976 There is no merit to appellant’s contention that appellee has not shown she is in need because her mother has been and may continue to provide for her food, shelter, and clothing. The record shows this was by necessity. The financial assistance provided by a parent under such circumstances certainly does not relieve a spouse of the obligation of support to the other spouse after divorce. See McCole v. McCole, 383 So.2d 55 (La.App. 2d Cir.1980).
It has also been held that the fact that a third party provides the necessities for the obligee spouse, while not excusing the obli-gor from his duty of support, “may be available as one of the intertwined circumstances used in the complete task of measuring, as against the husband’s ability to pay, the wife’s basic needs for maintenance.” Bernard v. Broussard, 128 So.2d 787 (La.App. 3 Cir.1961); Harris v. Harris, 127 So.2d 747 (La.App. 3 Cir.1961).
Our Supreme Court has held, however, that the fact that a claimant spouse is living with an adult son is not to be considered in fixing alimony to be awarded. Franks v. Franks, 107 So.2d 415 (La.1958). Also see Lester v. Lester, 107 So. 499 (La.1926), in which contributions by major children cannot be considered in connection with the fixing of alimony.
The comparison and applicability of this jurisprudence is obvious — the fact that Mrs. Jeansonne is obliged to live with her parents out of necessity, because of her low income, does not relieve appellant of his obligation under Article 160. Mrs. Jeansonne was clear in her testimony that she fully intends to move out of her parents’ home as soon as she is financially able to do so. To accept appellant’s argument is to burden appellee’s parents with the obligation of support which appellant assumed upon marriage, and to which he is bound by law to discharge after divorce when his spouse was not at fault and has insufficient means for her own support. There is no basis in the law or jurisprudence for this position.
We may not award alimony for items which are purely speculative. See Shepard v. Shepard, 334 So.2d 745 (La. App. 3 Cir.1976); Levine v. Levine, 373 So.2d 1380 (La.App. 4 Cir.1979). Some degree of estimation is necessary in most alimony cases, and in cases such as these more leeway must obviously be allowed. A permanent alimony determination is necessarily sensitive to the particular facts of each case and is unsusceptible of being reduced to a mathematical computation. Nowlin v. Nowlin, 482 So.2d 882 (La.App. 2 Cir.1986). Gray, supra.
While some of the allowable expenses listed by appellee appear to be somewhat inflated, they are by no means entirely unreasonable. As our gauge in the present case, we refer to the list of income and expenses submitted by Mr. Jeansonne. He listed, in part, the following:
Mortgage payments: $339.00
Household supplies: 70.00
Electricity, Water, Garbage: 145.46
Telephone: 55.00
Food: 230.00
Clothing: 100.00
We find these listed expenses of Mr. Jeansonne sufficiently close to those listed by Mrs. Jeansonne to conclude that her shelter, clothing, food, utilities, and household supplies are within the reasonable range. We note further that while Mr. Jeansonne has living with him, in the former marital domicile, a female to whom he is not married, appellant stated that she does not contribute to the household expenses but does purchase her own food. We note further that appellant enjoys the luxury of cable television at $25.95 per month, and, subsequent to the separation, acquired a new automobile, the purchase of which doubled his previous automobile note. Finally, we note that Mr. Jean-sonne’s net income is over $1,900 per month, so that the award is well within the one-third maximum stated in Article 160, supra.
As to appellee’s income, there was no evidence at trial to dispute her contention that she presently earns an average of $227.78 per month. Both Mrs. Jeansonne and her employer testified that her business as a hairdresser has seriously de- *977 dined, and that her income as evidenced by her W-2 statement furnished to the Internal Revenue Department in 1988 was $2,733.90.
Much discretion is vested in the trial court in determining the amount of alimony and, in the absence of a clear showing of abuse of discretion, the amount set by the trial judge will not be disturbed on appeal. Vesper v. Vesper, 469 So.2d 458 (La.App. 3 Cir.1985); Jordan, supra. Applying the facts and circumstances of the instant case to the law and jurisprudence, we find no abuse of discretion. Therefore, the alimony award of $500.00 per month is affirmed.
AFFIRMED.

. We note in the record that the present appeal was taken impermissibly as a "suspensive" appeal. LSA-C.C.P. Art. 3943. Any failure of appellant to pay the judgment pending appeal would appear to make him subject to contempt proceedings.