REGAN, Judge.
Plaintiff, George E. Reine, Jr., as the vendee, instituted this suit for specific performance of a contract to purchase and sell real estate and alternatively for damages for breach thereof and for cancellation of a lis pendens, against the defendants, Lawrence T. Kirn, Sr., Dr. Theo. F. Kirn, who signed the agreement as vendors, and Mrs. Jacqueline Richardson, widow of Lawrence T. Kirn, Jr., individually and as tutrix of Jacqueline Elizabeth Kirn; Mrs. Ruth Mary Kirn Guirovich; Mrs. Juanita Anna Kirn Worden; Albert L. Manint; Delmas J. Kirn; Mrs. Audrey Oertling, widow of Joseph Douglas Kirn, individually and as tutrix of Joseph D. Kirn, Jr., Lawrence T. Kirn, Jay Ann Kirn, Audrey E. Kirn, and Judy M. Kirn; Anna Kirn, wife of John A. Thompson, Sr.; Edwin Manuel Manint; and Dorothy May Manint, wife of Michael A. D’Antonio, the owners in indivisión of square No. 36 of the Town of Mandeville, Parish of St. Tammany, State of Louisiana.
Defendant, Mrs. Anna Kirn, wife of John A. Thompson, Sr., an absentee from the State of Louisiana, through her duly appointed curator ad hoc, answered plaintiff’s petition and in substance generally denied all of the allegations thereof.
Defendants, Edwin M. Manint and Mrs. Dorothy Manint, wife of Michael A. D’Antonio, in propria persona, pleaded the exceptions of misjoinder of parties defendant and of no cause or right of action. *68 However, the record fails to disclose the disposition of the exceptions pleaded by these defendants.
All of the other defendants pleaded the exceptions of misjoinder of parties defendant and in the alternative no right or cause of action. The exceptions of no right or cause of action were maintained with respect to these defendants; the exception of misjoinder of parties defendant was likewise maintained in favor of all of these defendants except Lawrence T. Kirn, Sr., and Dr. Theo. F. Kirn.
From these judgments in favor of the foregoing defendants, plaintiff has prosecuted this appeal.
We pretermit an analysis of the exception of misjoinder of parties defendant in order that we may initially consider the validity of the exceptions of no right or cause of action, and for this purpose the well-pleaded allegations of fact of the petition as well as the contents of the annexed documents are to be accepted as true. These reveal that plaintiff through the medium of the usual standard form of written agreement “to buy or sell” offered to purchase from Lawrence T. Kirn, Sr., and Dr. Theo. F. Kirn on February 9, 1954, a square of ground situated in St. Tammany Parish for $14,000. On February 16, 1954, his offer was accepted by Kirn, Sr., and Dr. Kirn, and he then deposited 10% of the purchase price with the realtor in conformity with the terms of the contract.
The pertinent portions of the agreement to buy and sell read as follows:
“Act of Sale to be passed before Purchaser’s Notary, Esq., Notary, on or prior to 90 days 19 — • * * *.
“In event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default, or the vendor may demand specific performance. * * * In the event that the vendor does not comply with this agreement to sell within the time specified, purchaser shall have the right either to demand the return of double the deposit, or specific performance.”
Plaintiff asserts that the defendants Kirn, Sr., and Dr. Kirn held themselves out as sole owners of the property during the negotiations leading up to the execution of the contract. He relates that the title was examined about March 15, 1954, and found to be defective but curable, which fact was pointed out to the defendants and their realtor or agent. Thereupon a series of conferences began relative to the curative work which was accomplished by defendants Kirn, Sr., and Dr. Kirn and their attorney in collaboration with plaintiff and his attorney between March 1954 and June 2, 1955.
Plaintiff continued to deal with defendants Kirn, Sr., and Dr. Kirn until about May 1, 1954, when an examination of the conveyance records in Orleans Parish revealed the succession of the deceased wife of Lawrence T. Kirn, Sr., and the inheritance of her share of the community by her heirs. This development was discussed with Kirn, Sr., and his attorney, and plaintiff gained the “impression” that these heirs were being represented by Kirn, Sr.
In February 1955, when the curative work was nearing completion, plaintiff called upon Kirn, Sr., and his attorney for assurance that the property would be transferred in full ownership and such assurances were given. Defendants’ attorney, Fred Heintz,[1] in a letter dated May 10, 1955, addressed to plaintiff’s attorney stated:
“This closes up everything that you wanted cured in reference to this title. Kindly notify Mr. Kirn when you are ready to have him execute the deed.”
*69 Upon receipt of that letter, plaintiff’s attorney called Kirn, Sr., and asked that he agree to a date for passing title, May 18-20, 1955, and that he confirm this request. Nothing more was heard from defendants until a letter dated June 2, 1955, was received by plaintiff from Fred Heintz announcing the breach of the contract, because the heirs of Mrs. Kirn, Sr., refused to sell. On July 25, 1955, plaintiff’s attorney addressed a letter to Kirn, Sr., fixing the date of July 28, 1955, at 3 p. m. as the time for the defendants to formally appear at his office and execute the act of sale. The defendants failed to appear on that date, hence this suit.
Plaintiff in his prayer requests that the court grant him the following relief:
1. Specific performance, ordering said defendants to specifically perform their obligations under said contract to sell.
2. In the alternative, specific performance against Lawrence T. Kirn, Sr., and Dr. Theo. F. Kirn only, ordering these defendants to transfer their three-quarters undivided interest in said property.
3. Damages in the amount of $12,720 representing the loss of profits to petitioner by reason of defendants’ refusal and failure to transfer said property.
4. Cancellation of the notice of lis pendens inscribed in the conveyance and mortgage records of St. Tammany Parish.
The only question posed for our consideration on appeal is whether the lower court in dismissing plaintiff’s suit properly maintained the exceptions of no cause or right of action in favor of the aforementioned defendants.
It is defendants’ position in urging the validity of the exceptions of no cause or right of action that the plaintiff was required to either place defendants in default prior to May 17, 1954, (which was approximately 90 days after defendants’ acceptance of plaintiff’s offer to purchase) or to seek an extension of time in writing for the taking of title; and inasmuch as plaintiff did neither, all of his rights under the contract expired as of May 17, 1954.
The pleadings disclose that the property was originally purchased by Dr. Kirn and Kirn, Sr. Some years thereafter, the wife of Kirn, Sr., died; and in her succession the children of the marriage were duly recognized as the heirs of their mother’s one-quarter interest in the property. Therefore, at the time the offer was accepted, Dr. Kirn was the owner of one-half of the property, Kirn, Sr., one-quarter, and the children of Mr. and Mrs. Kirn, Sr., an undivided one-quarter.’ Annexed to plaintiff’s petition is a copy of the agreement to buy and sell, and a reading thereof discloses that the offer was made on February 9, 1954, and accepted by Dr. Kirn and Kirn, Sr., on February 16, 1954. In accordance with this agreement, title to the property was to be transferred on or prior to ninety days from February 16, 1954. Therefore, in conformity with the existing jurisprudence which we shall refer to hereinafter, title should have been transferred on or prior to May 17, 1954. Tim petition of plaintiff and the exhibits which are made part thereof disclose that certain curative work was required, all of which was completed after May 17, 1954, with the exception of having the heirs of Kirn, Sr.’s deceased wife made parties to the agreement.
The pleadings likewise reflect that these heirs on May 14, 1954, filed a notice of lis pendens in the conveyance and mortgage records of the Parish of St. Tammany, which was obviously intended to reveal their opposition to the impending sale. Plaintiff has attached to his petition correspondence from his attorney to Kirn, Sr., and Dr. Kirn individually and to their attorney with respect to the taking of title; however, there was no formal demand made until plaintiff’s attorney addressed a letter to Kirn, Sr., dated July 25, 1955, fixing the date of July 28, 1955, at 3 p. m. as the time to formally appear and execute the act of sale. It will be noticed that though title was to be taken on or prior *70 to May 16, 1954, nothing was done in that respect by the plaintiff until some fourteen months thereafter to place the parties to the contract formally in default. In conformity with the terms of the agreement, it was incumbent on plaintiff in order to perpetuate the executory character of his contract to place the defendants in default not later than May 16, 1954, or to obtain a written extension of time for the taking of title. No extension of time was requested, nor was an extension granted.
Plaintiff cannot be heard to complain that he was not in position prior to May 16, 1954, to protect his interest because of the defect in the title of Dr. Kirn and Kirn, Sr., because in his petition he asserts that on May 1, 1954, his attorney informed him that an undivided one-fourth interest was vested in the five heirs of Kirn, Sr.’s deceased wife.
Plaintiff also reveals in his petition that the title curative work was not accomplished until June 2, 1955, clearly showing that if he desired to perpetuate the existence of the contract after May 16, 1954, he was obligated to obtain an extension of time in writing, which he failed to do.
In a relatively recent case[2] the organ of the Supreme Court, in considering analogous facts, expressed the following opinion:
■“Defendant’s . (vendor) main ground of resistance is, as suggested above, that plaintiff (vendee) defaulted under the agreement in failing to take title on or before April 2, 1946 (date fixed in the agreement for the sale) and that, therefore, he is not in a position to demand specific performance.
“In view of the stipulation that the purchaser is in default without formality upon his failure to take title to the property on or before April 2, 1946, it would appear that defendant’s plea is well founded as the language contained in the form of contract used by the parties is very clear and explicit.
“But plaintiff maintains that a noncompliance with the provision did not have the effect of placing him, ipso facto, in default because time is not of the essence of the contract. And, as proof of the validity of this argument, plaintiff’s counsel points to the deletion by the parties of the phrase ‘time being of the essence of this contract’ which is contained in the printed form used in the confection of the agreement.
“The contention cannot be sustained. In the first place, the deletion of the phrase ‘time being of the essence of this contract’ did not affect the clarity of the language which remained and, therefore, strictly speaking, there is no room for interpretation — for the condition reads ‘in the event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default or the vendor may demand specific performance.’
“Article 1945 of the Civil Code provides that legal agreements have the effect of law upon the parties and ‘none but the parties can abrogate or modify them’; that the courts are bound to give legal effect to all contracts according to the true intent of the parties and that the intent ‘is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences.’
“ * * * Hence, we hold that the contract required plaintiff to take title on or before April 2, 1946 and that, by its terms, he defaulted by his failure to do so.”
*71 It appears to us that the ratio decidendi of the foregoing case completely encompasses the principal problem posed in this case. However, if it were not for the compelling language used in the cases of Di Cristina v. Weiser and Harrell v. Stum-berg, [3] we would feel that the ends of justice would require us to follow both the reasoning and the result reached in the case of Davis v. Oaklawn, Inc.,[4] wherein an extension of time although not in writing was granted the plaintiffs (vendees) because the defendant’s (vendor) agent had agreed to the delay and therefore could not now adopt the position that because of such delay, the plaintiffs had lost their rights under the contract to purchase. The court concluded that the plaintiffs were entitled to specific performance of the contract.
Plaintiff has attached to his petition various letters emanating from Heintz, the attorney representing Dr. Kirn and Kirn, Sr., with the intention of having this correspondence evaluated so as to serve as an extension of the time element stipulated in the original contract, or at least as a waiver thereof, so as to now estop defendants from relying thereon. However, there is no allegation contained in the petition that defendants’ counsel possessed a power of attorney to dispose of the property ; and unless that is reflected by the pleadings, it matters not under these circumstances what defendants’ attorney may say or write; it will not be considered as an extension of time for performance of the contract.
In the case referred to hereinabove[5], the organ of the Supreme Court in refuting the validity of a similar contention stated:
“Inasmuch as this is a contract to purchase and sell real estate, any extension of time for performance, where failure to comply, ipso facto, places the offeror in default, would have to be in writing under Article 2276 of the Civil Code. Counsel for defendant made timely objection to any parol evidence offered by plaintiff for the purpose of showing that defendant’s former attorney had consented to an extension of time. The objection should have been sustained.”
Insofar as the minor children of Mrs. Audrey Kirn, their duly appointed tutrix and widow of Joseph Douglas Kirn, are concerned, their interest in this property *72 may be disposed of only in conformity with the statutory law of this state; and unless the method provided in Revised Statutes § 9:651, et seq., is followed, the minors’ property may not be disposed of. Therefore, the minors could not be bound by this agreement “to buy or sell” under any circumstances revealed by the facts of this case.
In the last analysis plaintiff points to LSA-Civil Code Articles 2562 and 2563[6] and insists that “the legal implication of these articles is that the rights of the plaintiff were not conclusively terminated at the end of the specified time for performance of the contract, that is, 90 days, but that he had the right to demand compliance with the contract by the defendants up until such time as he might have been placed in mora by judicial demand.”
The rationale of LSA-Civil Code Articles 2561,[7] 2562, and 2563 has no application to this case; they deal specifically with the problem of the discretion of a judge in a suit to dissolve a completed sale for nonpayment of the purchase price at the time specified in the contract. A sale is not dissolved of right by failure to pay the price; a suit for judicial action is necessary; in connection with the sale of immovables, if there exists no danger of losing both the purchase price and the property, the judge in conformity with the rationale of Article 2562 may grant the delinquent purchaser a delay of not more than six months, and upon the expiration of this period of time the judge is directed to cancel the sale. The rationale of Article 2563 relates to a completed sale wherein the parties have stipulated that nonpayment of the price within the term agreed upon will dissolve the sale of right, or in other words where there is incorporated in the sale an express resolutory condition[8] for nonpayment according to the strict letter of the contract, the purchaser may still make payment until placed in default by judicial demand, after which the judge can grant him no further delay.
In contradistinction it will be observed in connection with an interpretation of Article 2564 which relates to a completed sale of movables, an expressed resolutory condition has the effect of dissolving the sale of right when payment is late. The judge in this case is entirely deprived of discretion to vary the terms of the sale.
In the present case there is posed for our consideration an agreement to buy or sell, which is an executory contract, that is, one which is yet to be executed or performed, one which usually results in what we in Louisiana refer to as an act of sale; *73 therefore the aforementioned articles of the code are limited in their application to a completed sale or completed contract and do not apply to one that is by its very nature executory and depends for its consummation upon further performance within the time designated in the agreement to “buy or sell.”
Since we are of the opinion that the lower court properly maintained defendants’ exceptions of no cause or right of action and dismissed plaintiff’s suit, no useful purpose would be served in now considering the validity of the exceptions of misjoinder of parties defendant.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Attorney for Kirn, Sr., and Dr. Kirn.

. Di Cristina v. Weiser, 1949, 215 La. 1115, 1120-1122, 42 So.2d 868, 869-870.

. Supra, note 2; 1952, 220 La. 811, 57 So.2d 692.

. 1947, 212 La. 392, 31 So.2d 837; see also Cocí v. Johness, Inc., La.App., 87 So.2d 823 (La.App.1948); and Everhardt v. Sighinolfi, 1957, 232 La. 996, 95 So.2d 632, 634, wherein the Di Cristina case is distinguished by virtue of the following language which was used in the agreement to purchase and seE and which may also be used to distinguish the case of Davis v. Oaklawn, Inc.: “In the event that purchaser fails to comply with this agreement within the time specified, the vendor shall have the right, either to declare the deposit, ipso facto, forfeited, without formality and without placing purchaser in default * * *; or the vendor may demand specific performance. * * * ”

. Supra, note 2, 215 La. at page 1123, 42 So.2d at page 871; see also Harrell v. Stumberg, supra, note 3, 220 La. at page 816, 57 So.2d at page 694; “The appellant contends that the defendants are estopped by their actions, words and conduct, and the actions, words and conduct of the realtors, their agent, from denying that the thirty-day clause was waived. Inasmuch as this is a contract to purchase and sell real estate, any extension of the time for performance of the contract must be in writing. Title to real estate cannot be established by estoppel. A contract to seE or purchase same cannot be established by estoppel. An extension of time contained in a contract to sell and purchase real estate cannot be established by estoppel.” And Lake v. LeJeune, 226 La. 48, 54, 74 So.2d 899, 901: “As pointed out above there are no allegations of fact in the instant petition from which it might be concluded that the Rousseau heirs granted any express authority to their attorneys to con-fect for them a binding agreement to seE.”

. “Art. 2562. The dissolution of the sale of immovables is summarily awarded, when there is danger that the seller may lose the price and the thing itself.
“If that danger does not exist, the judge may grant to the buyer a longer or shorter time, according to circumstances, provided such term exceed not six months.
“This term being expired without the buyer’s yet having paid, the judge shall cancel the sale.”
“Art. 2563. If, at the time of the sale of immovables, it has been stipulated that, for want of payment of the price within the term agreed on, the sale should be of right dissolved, the buyer may neverthless make payment after the expiration of the term, as long as he has not been placed in a state of default, by a judicial demand, but after that demand, the judge can grant him no delay.”

. “Art. 2561. If the buyer does not pay the price the seller may sue for the dissolution of the sale. This right of dissolution shall be an accessory of the credit representing the price, and if it be held by more than one person all must join in the demand for dissolution; but if any refuse, the others by paying the amount due the parties who refuse shall become subrogated to their rights.”

. "Art. 2045. The dissolving condition is that which, when accomplished, operates the revocation of the obligation, placing matters in the same state as though the obligation had not existed.
“It does not suspend the execution of the obligation; it only obliges the creditor to restore what he has received, in case the event provided for in the condition takes place.”