389 So.2d 752 (1980)
ASSOCIATED PRESS, Plaintiff-Appellant,
v.
TOLEDO INVESTMENTS, INC., Defendant-Appellee.
No. 7796.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1980.
*753 Lowther & Boone, Robert C. Lowther, Jr., Many, for plaintiff-appellant.
Bethard & Davis, James G. Bethard, Coushatta, for defendant-appellee.
Before FORET, STOKER and LABORDE, JJ.
LABORDE, Judge.
This appeal arises from a breach of contract case in which appellant Associated Press, was denied recovery of liquidated damages from Toledo Investments Inc. For the reasons stated below, we affirm. We hold that while liquidated damages may be recoverable for breach of an obligation to pay money, that recovery is limited to interest. We deny enforcement of the liquidated damage clause in this case as it exceeds the allowable rate of interest.
The facts are not in dispute. Associated Press is a news service corporation organized under the law of New York. Toledo Investments, Inc., a Louisiana corporation, is the owner-operator of Radio Station KWLA located in Many, Louisiana.
On January 14, 1971, Associated Press and Toledo executed a written contract, in which Associated Press agreed to provide its news service to KWLA for a weekly assessment of $58.15. The contract, executed for a five-year term with a provision for successive five-year terms, authorized Associated Press to suspend or terminate the agreement should Toledo breach its obligation to pay the assessment. Following this authorization, a liquidated damage clause was inserted. In pertinent part, it provides:
"Upon such a suspension or termination the Member [Toledo] shall be liable to AP for the total amounts which otherwise would become due to AP under this agreement . . . during the balance of the term hereof, less the expenses which AP would incur in supplying Service to the member."
On March 22, 1974, Associated Press and Toledo executed a supplemental agreement adding audio service for an additional weekly assessment of $58.60. The supplemental *754 agreement provided that all other terms of the original agreement remained applicable.
On February 4, 1977, Associated Press suspended all service to Toledo for Toledo's failure to timely pay the assessments. On February 1, 1978, this suit was filed to recover $10,139.58, representing the delayed assessments owing on the date of its election to suspend service, and $19,067.66, representing the liquidated damages stipulated for in the agreement.
The trial court granted judgment against Toledo for the past due assessments in the sum of $10,139.58, plus legal interest from date of judicial demand. The trial court denied Associated Press' claim for liquidated damages. Associated Press appeals from that part of the judgment denying its recovery of liquidated damages.
The issue on appeal is the correctness of the trial court's denial of liquidated damages. To resolve this issue we must first decide the question of which state's law governs the rights of the parties under the contract. Although the printed contract provides that it is governed by New York law, for the reasons given at some length below, we conclude that Louisiana law governs.
We adhere to the principle stated in Davis v. Humble Oil & Refining Company, 283 So.2d 783, 794 (La.App. 1st Cir. 1973) (on rehearing), which involved an employee's pension plan rights under a written contract that provided it was to be governed by New York law. On rehearing, the court announced the following rule: Where parties stipulate the State law governing the contract, Louisiana conflict of laws principles require that the stipulation be given effect, unless there is statutory or jurisprudential law to the contrary or strong public policy considerations justifying the refusal to honor the contract as written.
For example in Fine v. Property Damage Appraisers, Inc., 393 F.Supp. 1304 (E.D.La. 1975), the court, considering a contract that provided it was to be governed by Texas law, invalidated those terms against whose enforcement Louisiana had expressed strong public policy reasons.
Similarly in our situation, we find a clear conflict between Louisiana statutes and New York law. Louisiana statutorily limits damages recoverable for delay in performing an obligation to pay money. Those damages are restricted to recovery of interest in order to prevent usury. LSA-C.C art. 2924; LSA-R.S. 9:3501. To the contrary, New York law makes no distinction between damages recoverable for breach of contracts to pay money and damages recoverable for breach of other contracts. Because application of New York law would violate Louisiana's strong public policy, the law of New York cannot govern this aspect of the contract. Hence, Louisiana law governs.
Under Louisiana law, the performance of an obligation to give a sum of money is of special importance. In its contract with Associated Press, Toledo obligated itself to pay weekly assessments for news and audio services. We find this is an obligation to give a sum of money. Article 1935 of the Louisiana Civil Code establishes the basic precept that damages due for delay in the performance of an obligation to pay money are limited to interest. See Griffin v. Creditors, 6 Rob. 216 (1843). The maximum amount of conventional interest cannot exceed eight per cent. LSA-C.C art. 2924 (1980 Pocket Part). Thus, because the damages it seeks are for non-payment of money, Associated Press is limited to recovery of eight per cent interest and no more, regardless of the loss it may have suffered. Griffin cited supra and Heeb v. Codifer & Bonnabel, 162 La. 139, 110 So. 178 (1926).
We now view the liquidated damage clause to see if it meets these restrictions. Associated Press seeks recovery of all assessments which would have become due under the agreement, less the expenses it no longer need incur in supplying the services. These damages clearly exceed the eight per cent interest allowable by contract. R.S. 9:3501 provides:

*755 "Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted."
As the liquidated damage clause before us does stipulate for the payment of interest in excess of that authorized by law, the entire interest provided by the clause must be forfeited. Associated Press can recover no interest under the contract. Gordon Finance Company v. Chambliss, 236 So.2d 533 (La.App. 4th Cir. 1970). Instead, its recovery is limited to legal interest on the past due assessments, at the legal rate of seven per cent per annum from date of judicial demand until paid.
For the above reasons, the judgment of the trial court is affirmed at Appellant's cost.
AFFIRMED.