426 So.2d 334 (1983)
Warren S. WHITE and June Bacon White, Plaintiffs-Appellants,
v.
Louie V. CROOK and Earnestine M. Crook, Defendants-Appellees.
No. 15114-CA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
Rehearing Denied February 24, 1983.
*335 Rankin, Yeldell, Herring & Katz by Stephen J. Katz, Bastrop, for plaintiffs-appellants.
Harvey Perry, Monroe, for defendants-appellees.
Before HALL, MARVIN and JASPER E. JONES, JJ.
JASPER E. JONES, Judge.
This is an action on a contract. The plaintiffs, Warren and June White, appeal a judgment sustaining a motion for summary judgment made by defendants, Louie and Earnestine Crook, and dismissing the plaintiffs' action. We affirm.
Appellants make only one assignment of error. They contend the district judge erred in applying LSA-C.C. art. 2563 to the contract involved in this case.
The facts of this case are set out below.
The appellants owned certain land in Teller County, Colorado. By a contract executed in Ouachita Parish, Louisiana, on October 3, 1978, the appellants sold to defendants a one-half interest in the Colorado land. The contract provides that it is to be governed by Louisiana law.[1] The parties are all residents of Louisiana.
*336 The consideration for the sale was $7,500 cash and the promise of defendants to pay one-half of each remaining monthly installment on the note given by appellants to their vendors of the property. The monthly installments were in the amount of $1,179.87 and were due on the first of each month.
The contract also provides that:
"... it is specifically agreed and understood that should either party hereto fail and/or refuse to meet his monthly installments as provided hereinabove for a period of five (5) days subsequent to the respective due date of such obligation, that is, should either party hereto be in default for a period of five (5) days of his monthly obligation as contracted hereinabove, then the defaulting party shall automatically be declared to be in default of the express provisions hereof and that the said defaulting party shall automatically forfeit all of his rights, claims, title, and interests in and to the subject property including but not limited to the defaulting party's equity therein. The parties hereto further acknowledge and declare that the default provisions and sanctions as set forth herein shall remain in full force and effect as long as there remains an unpaid balance on the indebtedness secured by the mortgage and/or deed of trust mentioned hereinabove."
In October, 1981, the defendants failed to pay their half of the installment until October 8th. On October 29th the appellants commenced this action seeking (1) to have defendants ordered to convey their interest in the land back to them and (2) attorney's fees in the amount of $5,000.
Defendants moved for summary judgment on grounds that their payment on October 8, 1981, was timely under LSA-C.C. art. 2563. The district judge agreed and rendered the judgment complained of.
Appellants contend that a contract is the law between the parties and that the contract in this case provides for the "automatic" forfeiture of any parties' interest for failure to pay the amount due within five days of the due date. As defendants did not make their payment on the October, 1981 installment within five days of the time it was due, appellants conclude that the defendants have forfeited all their rights and interest in the property.
In substance this is an action for recognition of the dissolution of the sale and enforcement of the penal obligation of the contract. The defendants, through their motion for summary judgment, assert that they have properly performed the primary obligation, payment of one-half the installment on the note, and that appellants are entitled to no relief.
The motion for summary judgment should be granted only when there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
There is no genuine issue of material fact in this case. It is undisputed that defendant did not pay their portion of the October, 1981 installment within the time allowed by the contract and that they did pay before this suit was filed. Thus, summary judgment is proper if defendants are entitled to judgment as a matter of law.
At the crux of this case is LSA-C.C. art. 2563 which provides:
If, at the time of the sale of immovables, it has been stipulated that, for want of payment of the price within the term agreed on, the sale should be of right dissolved, the buyer may nevertheless make payment after the expiration of the term, as long as he has not been placed in a state of default, by a judicial demand, but after that demand, the judge can grant him no delay.
Article 2563 has been interpreted to mean that a clause in a sale declaring that it shall be dissolved of right for nonpayment within the time specified has only the effect of waiving a formal putting in default and the right to perform by paying is not cut off until judicial demand is made. Southport Mill v. Ansley, 160 La. 131, 106 So. 720 *337 (1925); Watson v. Feibel, 139 La. 375, 71 So. 585 (1916).
The contract involved here is, by its own terms, a completed sale. It expressly provides that any party who does not pay within five days of the time of his obligation to pay becomes due "automatically" forfeits all rights, claims, title and interests in and to the property.
Generally, upon the dissolution of a sale for nonpayment of the price, the vendor gets the property back and the purchaser is discharged from the obligation to pay and is entitled to the return of amounts already paid. Sliman v. McBee, 311 So.2d 248 (La. 1975).
The contract in this case differs in that a penal clause requires the forfeiture of amounts previously paid.[2] However, this contract is still a completed sale expressly made subject to dissolution for nonpayment and Article 2563, as construed by Southport Mill and Watson, supra, is applicable.
Appellants argue that this is not so because under LSA-C.C. art. 1901 a contract is the law between the parties and this contract provides that dissolution and forfeiture take place "automatically" on failure to pay within the time allowed.
Though the contract is the law between the parties, laws existing at the time of its confection are incorporated into and form part of the contract as though expressly written therein. Dantoni v. Board of Levee Commissioners, 227 La. 575, 80 So.2d 81 (1955); Johnson v. Anderson-Dunham Concrete Co., 212 La. 276, 31 So.2d 797 (1947); West v. State, State Superintendent of Pub. Ed., 324 So.2d 579 (La.App. 1st Cir.1975); Velasquez v. Custom Built Homes, Inc., 246 So.2d 699 (La.App. 4th Cir.1971). Thus Article 2563 is a part of this contract. This Code Article without ambiguity states that where a contract of sale contains a provision stating that in the event of late payment the sale is dissolved "of right" (which is synonymous with "automatically") that the buyer who has failed to timely pay may nevertheless make payment any time before judicial demand.
Under Article 2563 the defendants had the right to pay until the appellants brought this action. Southport Mills; Watson, supra. Defendants paid before judicial demand, and, therefore, they sufficiently performed the primary obligation and appellants are entitled to neither dissolution nor the liquidated damages established by the penal clause.[3] Summary judgment in defendants' favor was proper.
Appellants cite and rely on Reine v. Kirn, 102 So.2d 66 (La.App.Orl.1958), for the proposition that Article 2563 cannot be extended beyond its specific terms and function. However, Reine merely holds that Article 2563 is not applicable to an executory contract to buy or sell which is not involved here. Thus, our decision is not contrary to Reine and is indeed supported by it since the court there, at page 72, recognized the rule of Article 2563 as interpreted by Southport and Watson.
For the foregoing reasons the judgment of the district court is AFFIRMED at appellants' costs.
NOTES
[1] Parties may stipulate in their contracts which state's laws are to govern them. Delhomme Industries, Inc. v. Houston Beechcraft, 669 F.2d 1049 (5th Cir.1982); Southern Ins. Co. v. Consumer Agcy., Inc., 442 F.Supp. 30 (E.D.La. 1977); Associated Press v. Toledo Investments, Inc., 389 So.2d 752 (La.App.3d Cir.1980).
[2] A penal clause is synonymous with liquidated damages. Pennington v. Drews, 218 La. 258, 49 So.2d 5 (1950); Burris v. Gay, 324 So.2d 11 (La.App.2d Cir.1975); writ denied, 326 So.2d 377 (La. 1976.)

As to the validity of penal clauses such as this one, see Heeb v. Codifer & Bonnabel, 162 La. 139, 110 So. 178 (1926); Scott v. Apgar, 238 La. 29, 113 So.2d 457 (1959).
[3] LSA-C.C.art. 2119The penal clause has this in common with a conditional obligation, that the penalty is due only on condition that the first part of the contract be not performed. But it differs from it in this, that in penal contracts there must be always a principal obligation, independent of the penalty, while, in conditional contracts, there is no obligation, unless the condition happens.