GARRISON, Judge.
On April 17, 1986, Dr. Saroj Tom Tampi-ra filed a petition for separation from his wife, Orranee Tampira, alleging cruel treatment on her part. Mrs. Tampira answered this petition and filed a reconven-tional demand charging her husband with abandonment, adultery and physical and mental cruelty. On April 20, 1987, Saroj Tampira filed a petition for divorce on the grounds of living separate and apart for more than one year.
On June 29, 1987, after a trial on the merits, the trial judge entered judgment in favor of Saroj Tampira and against Orra-nee Tampira finding Orranee Tampira solely at fault in the dissolution of the marriage and granting Saroj Tampira a separation a mensa et thoro. Orranee Tampira now appeals the trial court’s finding against her.
On appeal, Mrs. Tampira claims that the trial judge erred in finding her at fault in the dissolution of the marriage solely on the basis of her questioning of the marital fidelity of Dr. Tampira. In the trial judge’s reasons for judgment, he stated that Mrs. Tampira’s many accusations of infidelity against Dr. Tampira justified his departure from the matrimonial domicile. Furthermore, the trial judge stated that he believed Dr. Tampira’s response of self-defense to Mrs. Tampira’s allegations of physical abuse by Dr. Tampira.
The record in this case includes overwhelming evidence supporting the trial judge’s finding that Mrs. Tampira’s cruel treatment toward Dr. Tampira made her solely at fault for the dissolution of the marriage. Mrs. Tampria’s statement that this finding was made “solely on the basis of her questioning of the marital fidelity” of Dr. Tampira is a gross understatement of the actual situation in this case.
Testimony at trial established that prior to the Tampira’s separation, Mrs. Tampira physically attacked Dr. Tampira on several occasions, threw heavy objects at him and once bit him so badly that a scar still remains on his chest. When Dr. Tampira tried to sleep, Mrs. Tampira. would play a radio loudly in the bedroom in an attempt to keep Dr. Tampira awake.
Mrs. Tampira constantly accused Dr. Tampira of infidelity without any evidence to support this accusation and fired one of Dr. Tampira’s employees for allegedly having an affair with him. Several of Dr. Tampira’s employees testified that Mrs. Tampira frequently called the office questioning the employees as to her allegations of Dr. Tampira’s infidelity.
Mrs. Tampira sometimes hid Dr. Tampi-ra’s keys so that he could not go to work and became very angry whenever he worked late. One day, Dr. Tampira returned home to find that several of his shirts and ties had been cut up with scissors. Mrs. Tampira also accused Dr. Tam-pira of having an affair with their maid. At one point, Mrs. Tampira called the police alleging that Dr. Tampira was physically abusing her. The police arrived but found no reason to take any action against Dr. Tampira. At that point, Dr. Tampira moved out of the matrimonial domicile.
Mrs. Tampira denied many of Dr. Tampi-ra’s allegations but admitted biting Dr. Tampira, claiming self-defense. The trial judge evaluated the credibility of the witnesses and chose to believe Dr. Tampira’s version of events. Nothing in the record indicates that he erred in doing so.
For these reasons, we find that the trial judge’s finding that Mrs. Tampira was solely at fault in the dissolution of the marriage based on her cruel treatment to Dr. Tampira was not manifestly erroneous. The trial court judgment is affirmed.
AFFIRMED.