WATKINS, Judge.
This is a succession proceeding wherein a surviving spouse intervened claiming entitlement to the marital portion. After a trial on the merits, the district court rejected the surviving spouse’s claim, and issued the following reasons for judgment:
The marital portion issue now before the Court has arisen during the ongoing settlement of the succession of Dalton Luke LaBorde. Specifically at issue is whether a wife, Mrs. Dianne LaBorde, can claim the marital portion from her deceased husband’s succession where husband and wife are separated in fact at the time of the husband’s death, where subsequent to the separation the parties by authentic act have agreed to separate based on “mutual abandonment,” and where the testimony clearly establishes that both parties were guilty of fault. This Court based on Louisiana Civil Code article 2433; the jurisprudence, Malone v. Cannon, [215 La. 939] 41 So.2d 837 (La.1949); and all the evidence finds that the wife is not entitled to the marital portion through the following reasoning.
Louisiana Civil Code article 2433 states: “The marital portion is an incident of any matrimonial regime and a charge on the succession of the deceased spouse. It may be claimed by the surviving spouse, even if separated from the deceased, on proof that the separation occurred without his fault." (Emphasis added). Little jurisprudence exists to aid the Court in interpreting “fault” in terms of the marital portion, but fortunately there is Malone, 41 So.2d 845, which declares, “[T]he marital fourth is not recoverable where the spouses where [sic] living separate and apart, with their marital relationship severed, at the time of and for a substantial period prior to the dissolution of the marriage by death, unless the separation be caused solely by the conduct and acts of the decedent." (Emphasis added). This Court interprets *968 the last clause of the Malone test, “unless the separation be caused solely by the conduct and acts of the decedent” to mean that the surviving spouse must be totally free of fault to claim the marital portion. Mrs. LaBorde’s counsel apparently also concedes to this meaning because on page 22 of the transcript he states in response to the Court’s questioning, “They can even be separated, as long as there is no fault on the part of the survivor.” Admittedly, the court believes that the Malone rule is harsh, because under it, any fault bars the demand. Thus, the present decision was difficult, and it presented problems, like those encountered under the old contributory negligence law where a person who was one percent at fault was totally barred from collecting damages.
In this case, the evidence establishes that both parties were at fault. The transcript is replete with examples of fault, mostly of the cruel treatment-type, on the part of both Mr. and Mrs. La-Borde. Notably, the Court finds that the conduct of the husband was the most reprehensible and the greatest cause of the separation. But Mrs. LaBorde left the matrimonial domicile and a terminally ill husband to visit her parents and a sick uncle in Mississippi. For the trip, she apparently packed most of her clothes, although she made arrangements for Mr. LaBorde’s care prior to leaving. Mrs. LaBorde never again resided at the matrimonial domicile. Moreover, after the separation in fact, the parties, by authentic act, agreed to separate based on “mutual abandonment.”
In conclusion, the Court reiterates that Mrs. Dianne LaBorde is not entitled to the marital portion where she was separated from her husband at the time of his death and is not free of fault. To claim the marital portion the surviving spouse must be totally free of fault. Louisiana Civil Code article 2433; Malone, 41 So 2d at 845.
Judgment will be signed in accordance with this finding. Counsel for the succession is to prepare judgment.
The surviving spouse appeals.
DEFINITION OF LSA-C.C. ART. 2433 FAULT
(Assignment of Error No. 2)
Appellant contends the trial court erred in finding that a surviving spouse must be totally free from fault to claim the marital portion. Appellant argues in brief that the “fault” referred to in LSA-C. C. art. 2433 is equivalent to the fault referred to in LSA-C.C. art. 160, which bars the recovery of permanent alimony.
Although the trial court’s definition of fault in its reasons for judgment is not entirely correct, we conclude that the definition urged by appellant was in fact correctly used by the lower court. LSA-C.C. art. 10 states that when the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. LSA-C.C. art. 13 requires that laws on the same subject matter must be interpreted in reference to each other.
The marital portion was formally provided for by Article 2383 of the Louisiana Civil Code of 1870 as interpreted by jurisprudence. This article was repealed by Acts 1979, No. 709, § 1; and present Civil Code articles 2432 to 2437, which reproduce the substance of former article 2383 and its jurisprudence, were enacted by Acts 1979, No. 710, § 1, effective January 1, 1980. Accordingly, we may refer to prior jurisprudence dealing with former article 2382.
In Succession of Lichtentag, 363 So.2d 706, 709 (La.1978), our supreme court stated, in part, as follows:
The position of an article in the civil code is an important consideration in its interpretation and application. Reymond v. State, Dept. of Highways, 255 La. 425, 231 So.2d 375 (1970). Article 2382, the codal source of the surviving spouse’s right to claim the marital portion, is located in the civil code in Title VI of Book III under the heading, “Of the Marriage Contract, and of the Respective Rights of the Parties in Relation to their Property.”
[[Image here]]
*969 The right to claim the marital portion derives from the mutual marital obligations enunciated in La. Civil Code arts. 119 and 120, and particularly those of fidelity, support, and assistance. Malone v. Cannon, 215 La. 939, 41 So.2d 837 (1949). Our courts have referred to the marital portion as a bounty bestowed by law and as one of the civil effects flowing from the marriage. Succession of Justus, 44 La.Ann. 721, 11 So. 95 (1892); Smith v. Smith, 43 La.Ann. 1140, 10 So. 248 (1891). [Footnote omitted]
Although Malone v. Cannon does not specifically address this issue, it is our conclusion that the requirement that the surviving spouse be “free from fault” refers to fault as contemplated by LSA-C.C. art. 160. Accordingly, rather than being totally free from fault, as stated by the district court, the surviving spouse need only be free from fault which may be of a serious nature and would constitute an independent contributory cause of the breakup of the marriage, and would have entitled the decedent to a separation or divorce. See Jergins v. Jergins, 451 So.2d 1336 (La.App. 1st Cir.1984).
FINDING OF FAULT
(Assignment of Error No. 3)
Appellant contends the trial court erred in finding her at fault.
Initially, we note that the authentic act wherein the deceased and appellant agreed to separate based on “mutual abandonment” is not competent evidence of fault on the part of either spouse.
An admission of abandonment under LSA-C.C. art. 138(5) is an admission that the spouse withdrew from the marital domicile without lawful cause to do so, and that the withdrawing spouse has constantly refused to return. See Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980); LSA-C.C. art. 143. “Mutual abandonment” is inconceivable since neither spouse is requesting the return of the other spouse. In addition, if both spouses admit leaving without lawful cause, then it is no more than a mutual agreement to live separate and apart. As such, this agreement cannot constitute abandonment as contemplated by art. 138 for either spouse. See Kriger v. Kriger, 397 So.2d 21 (La.App. 3d Cir.1981).
However, the record clearly establishes that the spouses were separated in fact at the time of Mr. LaBorde’s death. This fact imposes the burden of proof on the surviving spouse to prove the separation occurred without her fault. See LSA-C.C. art. 2433.
A thorough review of the record indicates several allegations of fault as to both spouses, as indicated by the trial court in its reasons. Mrs. LaBorde also packed most of her clothes for what was supposedly a short trip. The trial court could have reasonably concluded, as we do here, that Mrs. LaBorde intended to leave the marital domicile at that time, before the alleged cruel treatment by her husband occurred.[1] In addition, Mr. LaBorde’s attorney, who drew up the “mutual abandonment” agreement, testified that Mrs. La-Borde wanted the agreement to show mutual fault.
Accordingly, with nothing more than her own self-serving testimony to rely on, the trial court apparently found that the surviving spouse had not established by a preponderance of the evidence that she was free from fault. While it is true that the witnesses for the succession may have been biased, we again emphasize that the burden of proof was not their’s. In view of the foregoing we are unable to conclude that the trial court was clearly wrong in its ultimate factual finding that the surviving spouse had not proven that the separation had occurred without her fault.
*970 PERIODIC ALLOWANCE
(Assignment of Error No. 1)
Appellant contends the trial court erred in failing to award her the periodic allowance provided for under LSA-C.C. art. 2437, which reads as follows:
When, during the administration of the succession, it appears that the surviving spouse will be entitled to the marital portion, he has the right to demand and receive a periodic allowance from the succession representative.
The amount of the allowance is fixed by the court in which the succession proceeding is pending. If the marital portion, as finally fixed, is less than the allowance, the surviving spouse is charged with the deficiency.
Appellant argues that the trial court erred in considering evidence of fault in regard to the periodic allowance issue. Appellant objected to the trial of the merits on fault, which was originally scheduled at a later date, being combined with this issue, although she finally consented to this procedure.
Appellant’s arguments are without merit. The language of the article is clear and free from any ambiguity. If fault is relevant under article 2433, then it is clearly relevant under article 2437, and should be considered. Accordingly, since it did not appear that appellant was entitled to the marital portion because she failed to prove freedom from fault, then the appellant had no right to demand or receive a periodic allowance.
DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. The cost of this appeal is assessed against appellant.
AFFIRMED.

. Although the record does establish that Mr. LaBorde became angry with appellant prior to her departure, it is possible that his actions were the result of his sickness as well as appellant's withholding her intentions of leaving him. In this factual posture, we are unable to say that Mr. LaBorde was guilty of cruel treatment, which would constitute lawful cause for appellant’s departure under LSA-C.C. art. 143.