BYRNES, Judge.
Mrs. Orranee Sottiurai Tampira appeals the judgment of divorce in which she was found at fault.
On June 29, 1987, a judgment of separation was entered granting Dr. Soroj Tom Tampira a separation and finding Orranee Tampira solely at fault for the dissolution of the marriage based on her cruel treatment of her husband. This court affirmed that judgment on September 26, 1988. Tampira v. Tampira, 531 So.2d 1088 (La.App. 4th Cir.1988).
On April 4, 1988, the trial judge entered a judgment in favor of Soroj Tom Tampira and against Orranee Tampira, granting him a divorce based on the grounds of adultery and living separate and apart for more than one year. The divorce judgment ordered the termination of alimony pendente lite. Mrs. Tampira appeals that judgment.
On appeal, Ms. Tampira argues that Dr. Tampira failed to meet his burden of proving that she committed adultery with her attorney, Thomas Lee. At trial Mr. Lee and Ms. Tampira admitted that Mr. Lee slept overnight and had clothes at her residence continually over a period of several months but they both denied that they had any sexual relations. They also testified that Mr. Lee bought food for the home and Ms. Tampira went to his parents’ home as his social guest. They also admitted to going overnight to Ft. Walton, Florida, claiming that they went to view some of the Tampira’s community property. They assert that Ms. Tampira stayed at the condominium and Mr. Lee spent the night at a hotel.
Additionally, two detectives testified that Thomas Lee spent the night on November 2 and 3, 1987 at Ms. Tampira’s home. They observed that there was no activity from late each evening until early each morning; the visible lights were off; and Mr. Lee left the house in different clothing each morning. Dr. Tampira testified that he saw Mr. Lee’s car at his wife’s home numerous times when he picked up his children.
According to their testimony, Mr. Lee remained in Ms. Tampira’s home to protect her from Dr. Tampira. They testified that it was an acceptable custom in Thailand and in her family that sometimes friends of family are allowed to stay for periods of time without being sexually involved. Ms. Tampira was a native of Thailand but had been in the United States for 16 years. However, the record reflects that once a temporary restraining order and preliminary injunction were issued against Dr. Tampira, no rule to show contempt was filed, no police summoned and no security guard was employed.
Adultery is a ground for absolute divorce if committed by either party to the marriage either before or after a judgment of separation. Cox v. Cox, 341 So.2d 1351 (La.App. 1st. Cir.1977). Dr. Tampira relied solely on circumstantial evidence in this instance to establish adultery. The degree of proof of adultery by circumstantial evidence is similar to proof of guilt in a criminal proceeding in that the evidence must establish guilt of the party accused to the exclusion of any other reasonable hypothesis. Breaux v. Breaux, 323 So.2d 486 (La.App. 1st Cir.1975); Zeringue v. Zeringue, 479 So.2d 443 (La.App. 1st Cir.1985). We recognize that the testimony of private detectives must be carefully considered with *983 extreme caution and that an admission of adultery, without other evidence, is generally insufficient proof upon which to dissolve a marriage. Menge v. Menge, 491 So.2d 700 (La.App. 5th Cir.1986). Conclusions of fact by a trial court are entitled to great weight and are not to be disturbed on appeal except in a showing of manifest error, especially predicated upon an evaluation of the testimony of conflicting witnesses. Hebert v. Hebert, 381 So.2d 966 (La.App. 4th Cir.1980).
We conclude that there was no error in the trial court’s ruling that Mrs. Tampira was at fault on the grounds of adultery. The testimony of the detectives, together with the admission of Mr. Lee that he slept in Ms. Tampira’s home for approximately three nights a week over a period of several months, is sufficient to support a claim of adultery. See Everett v. Everett, 345 So.2d 586 (La.App. 4th Cir.1977), writ denied, 349 So.2d 329 (La.1977).
Mrs. Tampira further avers that she is entitled to permanent alimony because the alleged adultery was not an independent proximate cause of the breakup of the marriage.
She bases her claim on the contention that the commission of adultery was alleged to have occurred after the separation. It is well settled in Louisiana that post-separation fault on the part of one spouse will preclude that spouse from seeking permanent alimony from the other spouse. La.C. C. Art. 160. Roberts v. Roberts, 519 So.2d 229 (La.App. 5th Cir.1988). The wife against whom a judgment of divorce has been rendered on the grounds of adultery cannot claim permanent alimony even if the adultery occurred subsequent to the couple’s separation. Hermes v. Hermes, 327 So.2d 639 (La.App. 4th Cir.1976). Conduct entitling one spouse to a separation or divorce is sufficient to deprive the other spouse of alimony after divorce. Adams v. Adams, 389 So.2d 381 (La.1980); Firstley v. Firstley, 427 So.2d 76 (La.App. 4th Cir.1983). In addition, grounds for separation as enumerated in La.C.C. Art. 138 are criteria to be used in determining whether a spouse is at fault and is not entitled to permanent alimony pursuant to La.C.C. Art. 160. Thibodeaux v. Thibodeaux, 525 So.2d 69 (La.App. 3rd. Cir.1988). Ms. Tam-pira has been found at fault for the divorce on the grounds of adultery and at fault for the breakup of the marriage on the grounds of cruel treatment as reflected in the trial court’s judgment of separation affirmed by this court. Therefore, she is not entitled to permanent alimony.
Finally, Ms. Tampira contends that Mr. Lee should have been disqualified as her attorney by the trial court because he was the alleged correspondent in adultery. She avers that allowing her attorney to be a witness at trial violated Rule 3.7 of the Louisiana Supreme Court Rules of Professional Conduct, as well as Ethical Consideration 5-9, and Louisiana Disciplinary Rules of Conduct 5-101 and 5-102.
The record indicates that on the day of trial Ms. Tampira moved for a continuance based on the fact that an additional attorney had been retained because Thomas Lee had just learned that opposing counsel intended to invoke a sequestration of witnesses. That motion was denied by the trial court. This court on application for writs of certiorari, ruled that a continuance would be granted if attorney Thomas Lee was made subject to the sequestration order. The trial commenced as scheduled when opposing counsel declined to require that Mr. Lee would be subject to sequestration.
The Supreme Court of Louisiana Rules of Professional Conduct set forth standards of attorney conduct and do not delineate rules of evidence. Admission of an attorney’s testimony does not per se warrant reversal and a new trial. DeerSlayers v. Louisiana Motel and Inv. Corp,, 434 So.2d 1183 (La.App. 1st. Cir.1983), writ denied, 440 So.2d 151 (La.1983).
Mrs. Tampira’s attorney had opportunity to object to testimony and cross-examine witnesses. A review of Mr. Lee’s testimony shows that it is cumulative in that it reiterates the testimony of Ms. Tampira. In addition, the record reflects that Ms. Tampira was represented by two other at- *984 tomeys during proceedings prior to the divorce trial. On the day before trial, additional counsel of record was entered although Mr. Lee questioned all witnesses at trial. We cannot find that Ms. Tampira did not have adequate counsel. There was more than sufficient evidence to substantiate the judge’s determination of adultery. In light of these circumstances, we find that the defendant was not prejudiced by Mr. Lee’s assuming the dual role of attorney/witness so as to justify a new trial. Even if it were error, the refusal to disqualify Lee was harmless error.
The judgment of the trial court is affirmed with appellant to pay all costs of this proceeding.
AFFIRMED.