PRICE, Judge Ad Hoc.
Cecelia Nelson Warner seeks reversal of the trial court’s granting of a motion for summary judgment, which denied her the marital portion of her deceased husband’s estate and any periodic allowance arising therefrom. We Affirm.
Grady Dale Warner died as the result of an accident on October 15, 1990, leaving a substantial estate. He died testate, leaving all of his property to his three children, Jodi Warner, Melanie Fuller and Gary Dale Warner.
In 1986, Mr. Warner was divorced from his first wife. In 1987, after signing a prenuptial agreement, he married Cecelia Warner. In 1988, he adopted the couple’s child, Jodi. In 1990, Cecelia moved out of their home taking their daughter, Jodi, with her.
After considerable separation negotiations, Cecelia and Dale Warner entered joint stipulations into the record, with Cecelia admitting fault on her part which would prevent her entitlement to permanent alimony. A property division was signed and a judgment of separation was rendered on April 4, 1990.
On February 21, 1991, Cecelia Warner filed a Rule against the executrix, Melanie Fuller, to compel payment of a periodic allowance to her as the surviving spouse under the provision of LSA-C.C. Art. 2437. In response, the executrix filed exceptions of prematurity and nonjoinder of necessary and/or indispensable parties. She also filed a motion for summary judgment based on the assertion that the undisputed facts showed as a matter of law that Cecelia Warner was not entitled to the marital portion and therefore was not entitled to the periodic allowance.
The undisputed facts, which the executrix has made reference to, were the admissions made by Cecelia Warner in her discovery deposition taken on March 19, 1991 just prior to the filing of the motion for summary judgment. In her deposition, Cecelia admitted that shortly after the legal separation in April 1990, she had a brief affair with one Charles Meredith during which they had sexual relations.
However, she further testified that she had discontinued this relationship when she and the decedent reconciled for a period during May and early June 1990. Her testimony further showed that on June 17, 1990 decedent struck her on the side of the head with sufficient force to knock her unconscious and to require hospitalization. *1119 She contends she did not live with the decedent after that date.
In the deposition she further admitted to having lived with an individual named Bill McNemar from the period after the June 17th incident on through the time of her husband’s death on October 15, 1990. She also admitted having sexual relations with McNemar regularly during this time.
In granting the motion for summary judgment, the trial court stated:
Based on the facts herein, it clearly appears that Ms. Warner would not be entitled to the marital portion nor the allowance as claimed in these proceedings. There is no need to establish at a lengthy trial what Ms. Warner has acknowledged. Even assuming the facts as alleged by Ms. Warner, she can not rely on the initial or primary fault of the deceased in causing the break-up of the marriage and claim to be free from fault despite acknowledging adultery thereafter.
On this appeal from the trial court’s ruling, counsel for Mrs. Warner has made two assignments of error:
In the first assignment of error counsel for appellant contends the trial judge was in error in concluding that no material issue of fact existed in regard to Cecelia’s freedom from fault for the purposes of the marital portion and periodic allowance request and therefore was in error in granting the motion for summary judgment.
A motion for summary judgment is properly granted where it is shown that no genuine issue of material fact exists and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Klohn v. Louisiana Power and Light, 406 So.2d 577 (La.1981); White v. Crook, 426 So.2d 334 (La.App.2d Cir.1983).
The civil code provides for a spouse’s periodic allowance in Article 2437 as follows:
When during the administration of a succession, it appears that the surviving spouse will be entitled to the marital portion, he has the right to demand and receive a periodic allowance from the succession representative ...
The source for a spouse’s claim for the marital portion is LSA-C.C. Art. 2432, which provides:
When a spouse dies rich in comparison with the surviving spouse, the surviving spouse is entitled to claim the marital portion from the succession of the deceased spouse.
Whether a spouse is entitled to the marital portion is governed by LSA-C.C. Art. 2433:
The marital portion is an incident of any matrimonial regime and a charge on the succession of the deceased spouse. It may be claimed by the surviving spouse, even if separated from the deceased, on proof that the separation occurred without his fault.
Art. 2433 codifies jurisprudence interpreting prior code article 2382. (See Malone v. Cannon, 215 La. 939, 41 So.2d 837 (La.1949).)
The requirement that the surviving spouse be “free from fault” refers to fault as contemplated by LSA-C.C. Art. 160, and the burden of proof is on the surviving spouse. Succession of LaBorde, 540 So.2d 966, 969 (La.App. 1st Cir.1988), writ denied, 546 So.2d 1219 (La.1989).
Article 160, which governs the payment of alimony, was redesignated as Art. 112 by the Louisiana State Law Institute pursuant to Acts 1990.
Post-separation fault of sufficient magnitude on the part of one spouse will preclude her from seeking permanent alimony from the other spouse. Post-separation adultery has uniformly been held to be fault of such magnitude as to preclude permanent alimony. Roberts v. Roberts, 519 So.2d 229, 230 (La.App. 5th Cir.1988); see also Zeringue v. Zeringue, 479 So.2d 443 (La.App. 1st Cir.1985); and Tampira v. Tampira, 539 So.2d 981 (La.App. 4th Cir.1989), writ denied, 541 So.2d 876 (La.1989).
Appellant has admitted that she engaged in adulterous activities with two different men during her period of separation *1120 from Mr. Warner. Appellant also admitted to committing adultery with one of these men, Mr. McNemar, after her alleged reconciliation with Mr. Warner. This adulterous relationship was ongoing until the time of Mr. Warner’s death. By appellant’s own testimony, no reconciliation occurred after this second adulterous relationship.
Appellant contends that her adultery took place after the parties had separated and therefore her admission cannot show that these affairs were the “cause” of their separation. This argument is irrelevant in light of the reasoning of Laborde and Roberts. Whether or not appellant’s actions directly “caused” the initial separation is not the issue. Her post-separation fault is sufficient to preclude alimony and therefore is sufficient to prevent claiming the marital portion of the deceased’s estate. Laborde, supra.
The trial judge correctly pointed out that this admission leaves no dispute as to her fault as contemplated by Articles 112 and 2433 of the Civil Code. The court was therefore correct in ruling there was no issue of material fact and granting the motion for summary judgment. This assignment is without merit.
Appellant’s second assignment of error is procedural in nature. She argues that since the motion for summary judgment was in response to the rule for periodic allowance, the only issue before the court was the merit of her claim for that periodic allowance, not the ultimate issue of whether appellant was due the marital portion.
In determining whether appellant was entitled to a periodic allowance, the trial court had to examine whether or not it appeared she would be entitled to the marital portion (see LSA-C.C. Art. 2437). After examining appellant’s own testimony, the court concluded that she would clearly not be entitled to the marital portion. Once this question was determined by the court, it was only proper, and in the interests of judicial economy, for the court to dispose of the claims in this manner.
Furthermore, the issue of Ms. Warner’s right to the marital portion was brought before the trial court initially by the appellant. In appellant’s rule for periodic allowance, Paragraph 16 reads as follows:
At the termination of the administration of this succession, plaintiff will be entitled to a marital portion equal to one fourth of the estate of the deceased in the form of a usufruct for life.
In the prayer for relief, appellant requested that, after a contradictory hearing, there be judgment:
... in favor of petitioner recognizing her marital portion to be one fourth (¼) of the succession of Grady Dale Warner in the form of a usufruct for petitioner’s life, with any periodic payments to constitute an advancement toward and in partial satisfaction of the marital portion.
In praying for the marital portion as well as the periodic allowance, appellant placed both issues before the trial court. Ms. Fuller’s motion for summary judgment was directed at all of appellant’s claims and this would necessarily include her right to a marital portion. The issue of marital portion was therefore properly before the trial court at the time of the summary ruling.
This assignment is without merit.
The post-reconciliation adultery to which appellant has admitted is sufficient to find fault in accordance with the applicable Civil Code articles. This fault precludes her from receiving the marital portion, and therefore the periodic allowance, for the same reasons it would have precluded her from receiving alimony. As there was no material issue of fact before the trial court the summary judgment was properly granted. The judgment is affirmed. Costs to be borne by the appellant.