ARMSTRONG, Judge.
Plaintiff-lessee, Nick Pizzalato, filed this suit seeking return of a security deposit on certain movable equipment from defendant-lessor, Dominie J. Traína Jr. Defendant filed an answer and reconventional demand claiming a setoff in the amount of the value of the equipment, which was destroyed in a fire. The trial court granted plaintiffs motion for summary judgment, awarding him $5,000.00, the amount of the deposit, $2,500.00 in attorney fees, $250.00 in court costs, and a total of $1,162.49 in judicial interest from date of demand. Defendant now appeals. .
On June 10, 1985, the parties entered into a written lease agreement whereby defendant leased to plaintiff the downstairs portion of the premises located at 500 S. Genois Street in New Orleans where plaintiff was to operate a restaurant and grocery store. The lease also covered certain equipment necessary to the operation of a restaurant and grocery store. The leased premises and equipment were destroyed by a fire on February 16, 1989. The fire began in plaintiff’s portion of the premises.
The written lease provided that plaintiff give defendant a security deposit of $5,000.00 on the equipment, the deposit to be returned “at the end of the lease when the equipment is returned in good condition, fair wear and tear excepted.... ” The equipment was destroyed by the fire making it impossible for plaintiff to return it. Therefore, defendant kept the deposit and plaintiff instituted this action.
Defendant claims the trial court erred (1) in granting the motion for summary judgment; (2) in awarding any attorney fees at all; and (8) in awarding $2,500.00 in attorney fees, an excessive amount. La.C.C.P. art. 966(A) states that a plaintiff or a defendant in the principal or any incidental action, with or without supporting affidavits, may move for summary judgment in his favor for all or part of the relief for which he has. Appellate courts review summary judgments de novo, under the same criteria that govern the district court’s consideration of whether summary judgment was proper. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). La.C.C.P. art. 966(B) provides that summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. Osborne v. Vulcan Foundry, Inc., 577 So.2d 318 (La.App. 4th Cir.1991).
Under La.C.C.P. arts. 966 and 967, the burden is upon the mover to show the absence of genuine issues of material fact. Frazier v. Freeman, 481 So.2d 184 (La. App. 1st Cir.1985). All doubts must be decided in favor of trial on the merits even if grave doubt exist as to a party’s ability to establish disputed facts at trial. Osborne v. Vulcan Foundry, Inc., supra; Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3d Cir.1985).
Plaintiff maintains there was no genuine issue of material fact before the court, only a legal issue resolved by the application of La.C.C. art. 2723 which provides:
He [the lessee] can only be liable for the destruction occasioned by fire, when it is proved that the same has happened either by his own fault or neglect, or by that of his family.
In his answer and reconventional demand defendant makes no allegations that the fire and destruction of the equipment was caused by the fault or neglect of plaintiff-lessee, his employees or his family. However, defendant maintains there is a genuine issue of material fact as to the interpretation of the lease agreement, specifically, the clause conditioning return of the $5,000.00 deposit upon return of the equipment. In an affidavit submitted to the trial court, defendant claims it was his intent in leasing the movable items to plaintiff, and the intent of both parties in signing the lease agreement, that plaintiff be “absolutely liable for their return in good condition, less usual wear and tear.” He sub *306 mits that plaintiff was to be entitled to his deposit only upon return of the equipment. Defendant submits this clause in the agreement was the law between the parties, and that C.C. art. 2723 is not applicable.
Lease is a synallagmatic contract. La.C.C. art. 2689. Except for statutes specifically relating to lease, a contract of lease is governed by the same rules as are conventional obligations. Riverside Realty Co. v. National Food Stores of La., Inc., 174 So.2d 229 (La.App. 4th Cir.1965), writ denied, 247 La. 1037, 175 So.2d 647 (1965); La.C.C. art. 2668. Summary judgment is generally not appropriate to show the intention of contracting parties. Horton v. Mobley, 578 So.2d 977 (La.App.2d Cir.1991), writ denied, 582 So.2d 1310 (La. 1991); Liem v. Austin Power, Inc., 569 So.2d 601 (La.App.2d Cir.1990). However, where the words of a contract are clear, explicit and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the instrument and cannot be explained or contradicted by parol evidence. La.C.C. art. 2046; Horton v. Mobley, supra.
In the instant case, the contractual provision relied on by defendant appears to be clear and explicit. Under the contract, plaintiff would get his deposit back upon returning the equipment to defendant at the end of the lease in good condition excepting “fair wear and tear.” [1] However, the lease was silent as to the liability of the lessee for the equipment in the event the equipment was destroyed by fire. Laws existing at the time a contract is entered into form a part of the contract. Board of Commissioners v. Dept. of Natural Resources, 496 So.2d 281 (La.1986); Velasquez v. Custom Built Homes, Inc., 246 So.2d 699 (La.App. 4th Cir.1971); White v. Cook, 426 So.2d 334 (La.App.2d Cir.1983). La.C.C. art. 2723 provides that a lessee is not liable for the loss of such movables in a fire unless the fire or loss was caused by the fault or neglect of himself (or one his employees) or his family. However, La. C.C. art. 2723 does not answer the question of whether, even though the lessee is not directly liable for the value of the equipment, he nevertheless is not entitled to the return of his deposit.
Even assuming that La.C.C. art. 2723 is applicable to this case, as we believe it is, there remains a genuine issue of material fact as to whether the parties intended that the deposit was to be returned only upon return of the leased equipment, regardless of the lessee’s liability for the value of the leased equipment. Therefore, the trial court erred in granting plaintiffs motion for summary judgment.
Our disposition of this assignment of error regarding the correctness of the trial court’s granting of the motion for summary judgment renders moot the other assignments of error raised by defendant.
For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings.
REVERSED AND REMANDED.
LOBRANO, J., concurs.

. Even in the absence of a contractual provision the Louisiana Civil Code scheme provides that a lessee is bound to return such items to the lessor at the end of the lease, with an allowance for wear and tear. La.C.C. arts. 2720, 2719.